### RIVERA v. AMERICAN EXPORT LINES, Inc. et al.

United States District Court
S. D. New York.

March 19, 1952.

Herman E. Cooper, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City, for defendant, American Export Lines, Inc.

Dow & Symmers, New York City, for defendant, Hellenic Lines, Ltd.

LEIBELL, District Judge.

Plaintiff, a seaman aboard the S.S. "Exmouth", owned and operated by the defendant, American Export Lines, Inc., brought this action against said defendant and Hellenic Lines, Ltd., for injuries he received on June 5, 1949, when the S.S. "Exmouth" was in collision with the S.S. "Hellenic Beach", owned and operated by the defendant, Hellenic Lines, Ltd. The complaint alleges that the collision was caused by the concurrent negligence of both defendants.

In the course of a pretrial conference, plaintiff, Rivera, and defendant, Hellenic, stated that they intended to offer certain depositions in evidence on the trial of this action. The depositions had been taken by Hellenic prior to the commencement of another action, which Hellenic later brought in Admiralty in the Eastern District of New York, against the defendant, American Export Lines, Inc., for damages sustained by the S.S. "Hellenic Beach" in the aforementioned collision. Rivera was not a party to the Admiralty action. Defendant, Export, objects to the use of the depositions in the present action, either by Rivera or by Hellenic, and a ruling as to the admissibility of the depositions was requested at the pretrial conference.

Rivera and Hellenic quote a stipulation entered into between Export and Hellenic at the time the depositions were taken, which provided that the depositions "may be used in any subsequent litigation by and between the parties". Export denied that the stipulation contemplated any such use as Hellenic now seeks to make of the depositions, and contends that the use contemplated by Export and Hellenic was in the Admiralty action subsequently brought. This seems to be a proper interpretation of the stipulation.

Rivera and Hellenic contend that the issues as to liability are identical in the two actions and that for that reason the depositions should be received in evidence in this action. Export maintains that for Rivera and Hellenic to prevail on their present application, they must show not only that "identity of issue" exists, but also that the parties in this action are either the same as in the Admiralty action, or at least in privity to them.

On June 14, 1949, prior to the commencement of either action Hellenic took the depositions of certain of the personnel of the S.S. "Hellenic Beach". The proctors for Export were notified of the taking of the depositions. They appeared and cross-examined the witnesses. On June 16, 1949, in the District Court for the Eastern District of New York, Hellenic filed a libel in Admiralty against Export for damages to the "Hellenic Beach" arising out of the collision. Export filed a cross libel on June 6, 1950. Answers to the libels were later filed by both parties.

The plaintiff, Rivera, commenced this action by filing a complaint against the defendants in this Southern District of New York on November 3, 1949. In his complaint he charged that his injuries were caused by the concurrent negligence of the defendants. In their respective answers each defendant set up the same defenses, that the injury to the plaintiff was due solely to the negligence of the other defendant; and that if liability be adjudged against it for any reason, it should have indemnity from the other defendant.

There are two theories on the use of depositions in an action other than the action for which the depositions were taken. One, the so-called liberal theory, is that urged by plaintiff and Hellenic. The liberal theory holds that materiality and relevancy being assumed, only the existence of "identity of issue" is necessary for admissibility. The late Professor Wigmore was a strong advocate of this view. In Wigmore on Evidence, Vol. 5, § 1388 (3rd Ed. 1940) he observed that "the requirement of identity of parties is after all only an incident or corollary of the requirement as to 'identity of issue'." In explaining the concept of "identity of issue" he laid down this rule—

"It ought, then, to be sufficient to inquire whether the former testimony was given upon such an issue that the

party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has; * * *".

The second theory sets up a double requirement for admissibility. Not only must there be identity of issue, but the parties to the second action must be the same as the parties to the first action, or at least in privity to them. Export contends that the court should follow this rule. Each theory finds support in various courts throughout the country, including the federal courts.

The dual requirement, the standard urged by Export, is not met in respect to Rivera's request to use the depositions in this action. Plaintiff Rivera was not a party to the action in Admiralty, nor is he in privity to any party to that action.

Do the depositions fulfill the requirement of the so-called "liberal rule"? Are the issues in the two cases so similar, that the attorneys for Export cross-examined the officers and crew of the "Hellenic Beach" with the same motive and interest they would have had if they had been cross-examining the same witnesses in the action brought by the plaintiff, Rivera?

The memoranda submitted by counsel indicate that the same negligence that resulted in plaintiff's injuries allegedly caused the damage to the vessels. The same set of facts and circumstances operated to bring about the collision, which resulted in damage to the vessels and the injuries to the plaintiff.

When the attorneys for Export interrogated the witnesses in taking their depositions for the subsequent Admiralty action, they were interrogating them with reference to the same negligent acts which gave rise to the plaintiff's claim, namely the faulty navigation that caused the collision. In the taking of the depositions, the cross-examination by Export's counsel was undoubtedly designed to show that Hellenic was negligent and that Export was not. That is exactly what counsel for Export would attempt to show if he examined the same witnesses with respect

to this action. If Export were now granted an opportunity to examine the deponents who were members of the "Hellenic Beach's" crew, what else could be inquired into but the relative negligence of the two vessels? The witnesses could testify only to the collision and the navigation that led up to it, which is what they testified to in the depositions heretofore taken.

Rivera was a seaman on the "Exmouth". If there was any contributory negligence on the part of Rivera the crew of the "Hellenic Beach" would not be likely to know anything about it and their testimony on that point would not be sought. It appears that at the time of the collision, plaintiff Rivera was sitting in the mess hall, having some coffee, when the bow of the "Hellenic Beach" penetrated the hull of the "Exmouth" and badly injured plaintiff. Plaintiff had nothing to do with the navigation of either vessel.

The admissibility of the depositions in evidence at the trial is determined by the provisions of Rule 26, Fed.Rules Civ. Proc., 28 U.S.C.A. and by the general rules of evidence. Subsec. (d) of the rule permits the use at the trial of any part or all of a deposition, "as far as admissible under the rules of evidence"; and further provides that it may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof. There are many decisions that the Federal Rules are to be liberally construed. Dworsky v. Alanjay Bias Binding Co., 2 Cir., 1950, 182 F.2d 803; Phillips v. Baker, 9 Cir., 1941, 121 F.2d 752, certiorari denied 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551; Ray v. Morris, 7 Cir., 1948, 170 F.2d 498; Fakouri v. Cadais, 5 Cir., 1945, 147 F.2d 667, certiorari denied 326 U.S. 742, 66 S.Ct. 54, 90 L.Ed. 443.

Hellenic and Rivera cite the case of Mid-City Bank & Trust Co. v. Reading Co., D.C.N.J., 3 F.R.D. 320, 324. The suit was brought for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Plaintiff subsequently died, but his deposition had already

been taken. The executor of his estate was substituted as a plaintiff in his place and the complaint amended to include a cause of action for wrongful death for the benefit of decedent's widow. The substituted plaintiff sought to offer in evidence decedent's deposition. Defendant objected on the grounds that the parties were different and the cause of action for wrongful death was a new and independent cause of action. Judge Forman held that—

"The interest of the surviving widow and the interest of the deceased for the recovery of damages are identical in that the issue involved in their respective causes of action is identical. It follows that the interest in, and the motive for, the cross-examination by the defendant in each cause of action is identical."

This line of reasoning was followed in Insul-Wool Insulation Corp. v. Home Insulation, Inc., 10 Cir., 1949, 176 F.2d 502. In that case the plaintiff, Insul-Wool Insulation Corp. brought an action against the defendant for an injunction and for damages for an alleged infringement of a patent. At the trial, the court sustained a defense of invalidity on the grounds of prior knowledge and use. The court's findings and judgment were partially based on depositions which had been taken by other defendants in an earlier suit brought by the same plaintiff, involving the same patent. Judge Murrah, who wrote the opinion for the appellate court, held that where depositions were taken by certain defendants in one patent suit and were used later by other defendants in a second suit involving the validity of the same patent, they were admissible, because the issues in the two actions were identical as to the validity of the patent, and the objecting party was a party to the former suit and had been accorded full opportunity for cross-examination when the depositions were taken. Although the fact situation in the present case is not on all fours with the fact situations in the two cases just cited, I think it is close enough to warrant the application of the rulings established by those decisions.

Export has contended that since Rivera was not even considered when the depositions were taken, the attorneys for Export could not have had at that time the same motive for cross-examination, that they now would have. They cite Wolf v. United Airlines, Inc., D.C.Pa.1951, 12 F.R.D. 1, as factually similar to the situation in the case at bar. With that I do not agree. And apart from the question of whether I agree with the court's reasoning in the Wolf case, it affords no comfort to Export, because a difference of motive of the examiner is not demonstrable in the case at bar.

 The answers of the respective defendants each assert a claim over against the other for indemnity; their interests in this litigation are clearly antagonistic, to the same extent as if one were suing the other. Under those circumstances there appears to be no good reason for denying to Hellenic Lines the right to use the depositions as part of Hellenic's proof against Export in this Rivera action. Thus the situation of the litigants in this case is unusual; and the fact that Hellenic would be entitled to use the depositions in this Rivera suit, is also a reason for granting the plaintiff Rivera the right to use the depositions in the first instance, as part of his proof against American Export Lines.

The depositions are admissible as evidence in this case. The pretrial order will contain a ruling to that effect.