See also 154 F.Supp. 376.

**FIRST NATIONAL BANK IN GREEN- WICH** and William S. Hirschberg, as Executors of the Estate of Eben F. Putnam, deceased, and First National Bank in Greenwich as Administrator c.t.a. of the Estate of Frenelia William Putnam, Deceased, Plaintiffs,

v.

**NATIONAL AIRLINES,** Incorporated and Douglas Aircraft Company, Incorporated, Defendants.

Meyer F. LEWIS, as Administrator of the Estate of Rodma Lewis Osman, deceased, Plaintiff,

v.

**NATIONAL AIRLINES,** Incorporated, and Douglas Aircraft Company, Incorporated, Defendants.

Magdalena SOKOLOWSKA, as Administratrix of the Estate of Eleonora Kurkowska, Plaintiff,

v.

**NATIONAL AIRLINES,** Incorporated, and Douglas Aircraft Company, Incorporated, Defendants.

United States District Court
S. D. New York.
Feb. 19, 1958.

Theodore E. Wolcott, New York City, Attorney for plaintiffs First National Bank in Greenwich, and others.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff Magdalena Sokolowska, as Administratrix of the Estate of Eleonora Kurkowska, deceased.

Bigham, Englar, Jones & Houston, New York City, for defendant National Airlines, Inc., P. G. Pennoyer, Jr., New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant Douglas Aircraft Co., Inc., David L. Corbin, New York City, of counsel.

HERLANDS, District Judge.

This is a motion by plaintiffs pursuant to Federal Rules of Civil Procedure, rule 26(d), 28 U.S.C.A., "for an order directing that all or certain of the depositions taken by either party in the case of Stiles v. National Airlines, U.S.D.C. E.D.Louisiana, Admiralty #2509, be usable and admissible in this action against National Airlines" (notice of motion).

Rule 26(d) pertinently provides:

"At the trial * * *, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions: * * * (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: * * * 2, that the witness is at a greater distance than 100 miles from the place of trial * * * ; or 4, that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; * * *."

These death actions are brought in behalf of four persons who were paying passengers on a regularly scheduled flight in a Douglas DC–6 aircraft, owned and operated by defendant National Airlines, Incorporated, and manufactured, designed and modified by Douglas Aircraft Company, Incorporated. The aircraft crashed in the Gulf of Mexico, off the Alabama Coast, on February 14, 1953.

According to the plaintiffs, the subject aircraft was operated by National in face of severe storms and turbulence that had been continuing for a number of hours in the area. Plaintiffs claim that, in spite of weather forecasts, actual weather reports, storm signals, storm warnings and special warnings, National and its flight crew nevertheless insisted on operating this flight under obviously dangerous conditions. Plaintiffs' moving affidavit lists ten so-called "important issues of negligence."

In addition to the foregoing ten issues, the plaintiffs claim, as against National and Douglas, that the left wing failed; that is, broke off in flight, thereby causing or contributing to the accident. This issue involves questions with reference to the maintenance, defects or design, manufacture or modification of the wings of the aircraft involved in the accident.

In the United States District Court for the Eastern District of Louisiana, three other cases arising out of this crash were brought against National. Douglas was not a party to any of said three other cases. The present motion is concerned only with one of the three cases, that of Stiles v. National Airlines, D.C.E.D. La., 161 F.Supp. 125.

In the Stiles case, extensive depositions of various witnesses were taken by

the plaintiffs therein; and several depositions were taken by National, the sole defendant therein. In the Stiles case, depositions were taken of the following twelve persons (whose depositions have not been taken in the case at bar): Karl Shirler, consulting meteorologist; A. H. Glenn, consulting meteorologist; Edward V. Copeland, United States Government meteorologist; William G. Knoph, United States Government meteorologist; Isilbert B. Clark, United States Government meteorologist; William McGihee, United States Government meteorologist; Isury Allen, United States Government employee; Arthur W. Koan, United States Government employee; Daniel P. Gannan, National employee; Robert S. Ausbaugh, National employee; Edward E. Ferguson, National employee; and William F. Herlihy, National employee.

A comparison of the Stiles case with the present case discloses that, while both cases arose out of the same accident, there are the following differences: (1) the Stiles case involved different plaintiffs; (2) the Stiles case involved only National as a defendant, whereas the present case includes Douglas as a co-defendant; (3) the present case involves the additional issue with respect to the allegedly faulty left wing, which issue was not raised in the Stiles case; (4) Douglas did not receive any notice of the taking of any of the depositions in the Stiles case (as it was not a party therein) and was not represented at the taking of the depositions in the Stiles case.

It thus appears that there is only a partial identity of the issues and a partial identity of parties-defendant. In the present case, trial evidence relating to the issues and the liability of the defendants would be intertwined and virtually inseparable.

Clearly, the depositions taken in the Stiles case would not be admissible as against Douglas, which neither appeared nor had notice of the depositions taken in the Stiles case. Plaintiffs' present motion does not seek to have such depositions made admissible as to Douglas.

Even if this Court were to minimize the significance of the additional issue with respect to the left wing—an issue not presented in the Stiles litigation—the Court would still be confronted by the lack of identity of parties, a condition created by the fact that Douglas was not a party to the Stiles case.

In practical terms, if the Court were to order that the Stiles depositions be deemed to have been taken in the current action, the judge who will preside over the trial herein would be compelled to frame meticulously careful instructions, both during and at the conclusion of the trial, advising the jury that the Stiles depositions were admissible only as against National and not against Douglas. In these death actions, triable before a jury and involving highly technical proof, there is room for rational doubt whether the jury would in fact be capable of following the nice distinctions demanded by the applicable rules of evidence. To the extent that such trial difficulties may be avoided, they should be anticipated and eliminated, so far as may be practicable.

Moreover, now that Douglas is put on notice of the available and likely witnesses, it is highly probable that Douglas will undertake to obtain pre-trial depositions of the very witnesses whose prior depositions in the Stiles case are the subject of this motion. If Douglas so proceeds, plaintiffs will participate in the taking of such depositions *de novo*, thereby diluting the practical urgency of using the extant depositions. Likewise, National—with its added study, experience and understanding of the technical problems involved—may very well seek to take fresh depositions to correct, amplify or clarify the testimony of the deponents whose depositions were obtained in the Stiles case. Plaintiffs herein are in no position to prevent Douglas or National from so proceeding.

Furthermore, a number of the Stiles depositions were taken of experts by attorneys other than those who now represent National. Even if this Court were inclined to grant the motion as to National, the Court would incorporate a provision substantially similar to that included in the order signed by Judge Palmieri on December 31, 1956 in another and unrelated case (Borup v. National Airlines, Incorporated, Civil 82–292), wherein prior depositions of expert witnesses were permitted to be used in a subsequent case, but the attorneys for National were permitted to address written cross-interrogatories to such expert witnesses and the securing of answers was made an obligation of the plaintiff and at the plaintiff's expense.

The foregoing discussion of the practical considerations involved has persuaded this Court to resolve the doubtful propriety of this motion against the moving-plaintiffs.

The granting or denial of this motion rests within the sound discretion of the Court. The guiding principle in such pre-trial matters is to save the time, effort and money of litigants and to expedite trials, with a view to achieving substantial justice. The approach is pragmatic and not theoretical. Were this motion granted, the Court would thereby create more problems than it would solve. The conclusion reached by the Court accords with the rationale and the holdings of the judicial decisions that have dealt with this particular problem of the use of prior depositions in a subsequent action.

At the outset, it should be pointed out that the opposing affidavit submitted in behalf of Douglas (pp. 3–4) erroneously relies upon that portion of Rule 26(d) that applies "when an action * * * has been dismissed." This limiting provision has been quoted by Douglas out of context and does not appear in the forepart of Rule 26(d). Similarly, the quotation from Moore's Federal Practice set forth at page 4 of the Douglas opposing affidavit is plainly part of Professor Moore's discussion of the topic (to quote Moore), "Use of Depositions Taken in a Prior Dismissed Action."

We now turn to a consideration of the decisions. Defendants rely heavily upon the decision of Circuit Judge Lacombe in Metropolitan St. Ry. Co. v. Gumby, 2 Cir., 1900, 99 F. 192. In that case, involving a derailed train accident, a five-year old infant brought suit by its guardian. Upon the trial of the action, an eyewitness testified. Thereafter, the infant's mother, acting in her own behalf as an independent plaintiff, brought a separate action against the railway. During the interval, the eyewitness died. Upon the trial of the mother's action, the trial judge permitted the receipt into evidence of the testimony given by the eyewitness at the trial of the child's case. The Circuit Court of Appeals reversed. Judge Lacombe pointed out that there was no Code provision authorizing the admission of such testimony; and he disposed of the question "under the principles of the common law" (at page 193). The rationale of Judge Lacombe's opinion was that, because the defendant-railway could not have introduced into evidence, *as against the plaintiff*, the former trial testimony of the deceased witness, "therefore she [the plaintiff] cannot read the same testimony in evidence against defendant" (at page 199).

Considerable doubt has been expressed as to the applicability of this doctrine of reciprocity or mutuality in this area of the law of evidence. 5 Wigmore (3rd ed. 1940) section 1388, p. 103. In addition, Judge Lacombe's decision in 1900, predicated on an old English case, was not rendered in the context of the current liberal philosophy of the Federal Rules of Civil Procedure.

Nor does the circumstance that Judge Caffey, in United States v. Aluminum Co. of America, D.C.S.D.N.Y.1938, 1 F.R. D. 48, 50, followed the Metropolitan St. Ry. case, take on particular significance for present purposes, in view of the fact

that in the Aluminum case, Judge Caffey expressly said, at page 50:

> "Of course, the taking of depositions, upon any one of the several grounds contained in the rules, has no application here."

The Aluminum case involved the introduction, upon a subsequent and different trial, of the testimony of a deceased witness who had testified in a prior case.

5 Wigmore (3rd ed. 1940) section 1388, p. 95, formulates the decisive principle as follows:

> "It ought, then, to be sufficient to inquire *whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has; \* \* \*.*" (Emphasis in original.)

The foregoing passage from Wigmore was quoted with approval by Judge Leibell in Rivera v. American Export Lines, Inc., and Hellenic Lines, Ltd., D.C.S.D. N.Y.1952, 13 F.R.D. 27, 28–29, where Judge Leibell dealt with the following situation: the plaintiff, a seaman, sued American Export Lines, Inc. (owner and operator of the vessel on which plaintiff was employed) and Hellenic Lines, Ltd. (owner and operator of the colliding vessel) for personal injuries received in a collision. Plaintiff charged both defendants with concurrent negligence. Each defendant asserted a claim over against the other for indemnity.

At a pre-trial conference, plaintiff and Hellenic stated that they intended to offer certain depositions in evidence on the trial of the personal injury action. The question related to the admissibility of the depositions of Hellenic's personnel. Hellenic had taken these depositions in another action brought in admiralty by Hellenic against American for damages to Hellenic's vessel. American had cross-examined Hellenic's employees at the taking of their depositions. Plaintiff, a seaman, was not a party to the admiralty action between the two shipowners.

American, at the pre-trial conference, objected to the use of these depositions on the ground that the depositions of Hellenic's employees had been taken in the prior action in which the parties were different from the present action, in that plaintiff-seaman had not been a party thereto. Judge Leibell ruled that the depositions were admissible.

In his opinion, Judge Leibell pointed to the following salient facts: (1) the issue in the personal injury action and in the admiralty action was identical, in that both actions involved the same negligence; i. e., the same set of facts and circumstances that operated to bring about the collision which resulted in damages to the vessels had allegedly resulted in plaintiff-seaman's injuries; (2) the attorneys for American, who cross-examined Hellenic's employees at the taking of their depositions, did so with the same motive and interest that they would have had if such attorneys had been cross-examining the same witnesses in the action brought by the plaintiff-seaman (otherwise stated, the defendant American had the identical interest in, and the motive for, the cross-examination of the deponents in each cause of action); (3) it is clear that Hellenic would have the right to use the depositions taken in the admiralty case, as part of Hellenic's proof against American in the seaman's personal injury action. Consequently, since Hellenic would be entitled to use the depositions in the seaman's action, that constituted a practical reason for granting the plaintiff-seaman the right to use the depositions in the first instance as part of his proof against American.

Judge Leibell's decision was approved recently by the Court of Appeals in Hellenic Lines, Ltd. v. The Exmouth, 2 Cir., 253 F.2d 473.

In Scotti v. National Airlines, Inc., D.C.S.D.N.Y.1954, 15 F.R.D. 502, an action was brought for injuries received in an airplane crash. Other injured passengers had previously brought actions

against National. In those prior actions, in which depositions had been taken, there had been an additional defendant. Plaintiff moved pursuant to Rule 26(d) for an order directing that all depositions theretofore taken in similar matters be usable and admissible in the current action to the same extent and with the same force and effect as if originally taken for purposes of the current action.

In granting the motion, Judge Noonan alluded to the fact that the issues in the prior and present actions were the same. The defendant argued that (1) in view of the circumstance that another defendant had been present in the prior case in which depositions had been taken, and in view of the further fact that the names of other passengers were involved, it would be physically impossible to separate or segregate the pertinent from the irrelevant; and (2) reading the depositions obtained in the prior case would serve to tell the jury that there had been other lawsuits arising out of the same incident. Judge Noonan overruled these defense contentions, saying that he would grant the motion, subject to the plaintiff's being able to eliminate those portions of the prior depositions that were inapplicable, and subject to the plaintiff's being able to substitute correct names where proper and thus to limit the depositions to portions which would have been admissible had the depositions been taken for the benefit of the current plaintiff rather than the original plaintiffs in the other actions. Judge Noonan concluded with the ruling:

"Any conflict as to this last phase may be resolved by the trial judge [15 F.R.D. 503]."

In the Rivera and Scotti cases, the District Court, as noted, granted the motions under circumstances which do not appear in the case at bar. Those decisions are to be sharply distinguished from the facts now before this Court.

In Wolf v. United Air Lines, Inc., D.C. M.D.Pa.1951, 12 F.R.D. 1, the Court denied a motion to allow the use of depositions given by witnesses in a previous action arising out of the same airplane crash, because there was an absence of identity of issues and parties. In the Wolf case, United and Douglas were both defendants of record in the actions in which the depositions in question were taken. The current action was solely against United. It also appeared that in the prior actions there was a cross-claim by United against Douglas, and the issues between defendants United and Douglas were contested prior to and at the time of the former trial and, in some respects, appeared to overshadow the primary issue of the passenger's right to recover.

The Court in the Wolf case adhered to the more conservative view that prevails in a number of the other circuits—that testimony given in one action is not admissible in a subsequent action unless there is an identity of issues and an identity of parties.

The more liberal view—the one advocated by Professor Wigmore—has been adopted in this District, as well as by some of the other Federal courts. Rivera v. American Export Lines, D.C.S.D.N.Y. 1952, 13 F.R.D. 27; Insul-Wool Insulation Corp. v. Home Insulation, Inc., 10 Cir., 1949, 176 F.2d 502; Mid-City Bank & Trust Co. v. Reading Co., D.C.N.J. 1944, 3 F.R.D. 320.

The more liberal view concerns itself with the identity of interest rather than the identity of parties. If the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent now has, then it should be admissible. As stated by Judge Leibell in the Rivera case [13 F.R.D. 28]:

"The liberal theory holds that materiality and relevancy being assumed, only the existence of 'identity of issue' is necessary for admissibility."

Applying the liberal rule to the facts in the present case, the Court is nevertheless constrained to conclude that the motion herein should be denied in all respects for the reasons expressed in this opinion.

Settle order on notice.