**MOULTRIE NATIONAL BANK,**
Appellant,

v.

**TRAVELERS INDEMNITY COMPANY,**
Appellee.

No. 17970.

United States Court of Appeals
Fifth Circuit.

Feb. 29, 1960.

R. Lamar Moore, Moore, Gibson, De-Loache & Gardner, Moultrie, Ga., for Moultrie Nat. Bank, appellant.

Hoyt H. Whelchel, Jr., Moultrie, Ga., Harry S. McCowen, Atlanta, Ga., Whelchel & Whelchel, Moultrie, Ga., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal by the bank, plaintiff below, from a judgment denying liability on a Bankers' Blanket Bond,[1] tests for error the findings and conclusions of the district judge and his judgment based thereon.

The suit arose as the result of a title certificate directed to the bank and signed by one J. E. Craigmiles, an attorney of Thomas County, Georgia, which certificate stated that he had checked the records as against a certain described tract owned by J. L. Gardner, and that he certified that said J. L. Gardner was seized of the fee simple title of the said

---

1. As material in this case, the bond provided:

"The losses covered by this bond are as follows: (a) Any loss through any dishonest, fraudulent or criminal act of any of the Employees, committed anywhere and whether committed alone or in collusion with others, including loss of Property through any such act of any of the Employees."

"Whenever used in this bond, Employee and Employees shall be deemed to mean,

respectively, one or more of the Insured's officers, clerks and other employees while employed in, at or by any of the Insured's offices while covered under this bond, and attorneys retained by the insured to perform legal services for the Insured and the employees of such attorneys while such attorneys or the employees of such attorneys are performing such services for the insured, and Guest Students pursuing their studies or duties in any of said offices."

tract and that same was clear of liens, etc., except the security deed by J. L. Gardner to Moultrie National Bank of a certain date (known to the bank).

Alleging: that the title to the land was not in Gardner, as certified to by the attorney Craigmiles; that there was no record of his having such title in the Lands Records which the attorney certified he had checked; and that the attorney's act in making the certificate was dishonest and fraudulent, plaintiff bank contended below, and contends here, that the attorney and his act in certifying title to the land, under these circumstances, was covered by the provisions of the fidelity bond, he being within the definition of "attorney retained by the insured to perform legal services for the insured", and his act being dishonest and fraudulent.

The defendant insurance company contended below and contends here that the attorney was not a retained attorney or other employee within the meaning of the bond and that his acts were not dishonest, fraudulent, or criminal, one of which they must be in order to come within the coverage of the bond.

The district judge, trying the issues without a jury, filed a thorough and thoughtful opinion,[2] in which, setting out the evidence, finding the facts, and canvassing and deciding the legal questions presented to him for decision, he found and determined that the defendant was not liable on the bond, and gave judgment accordingly.

Appellant, here insisting that the rulings and findings, on which it was predicated, and the judgment itself were wrong, urges upon us that the court erred: (1) in its determination of the primary issue, in finding and concluding that no case for liability on the bond was made out, and (2) in determining against plaintiff the procedural points made by it.[3]

We adopt as correct and adequate the careful statement of the facts made by the district judge. We approve and concur in the judgment pronounced by him, and, except for such reservations as may be hereafter noted, in the opinion and rulings on which it is based. Of the clear opinion that none of the district judge's findings can be said to be clearly erroneous, we are of the equally clear opinion that appellant's difficulty, in accepting the district judge's conclusion that a case of dishonest and fraudulent acts, within the coverage of the bond, was not made out, arises from its failure to note that in this circuit,[4] and generally elsewhere, Irvin Jacobs & Co. v. Fid. & Dep. Co., 7 Cir., 202 F.2d 794, 37 A.L.R.2d 889, questions of the kind presented here are normally questions of fact and that, unless the evidence compels a contrary conclusion, which it does not here, the matter is for the determination of the trier of facts, in this case the district judge, and he, after full consideration of all the relevant facts, has determined the issue against the plaintiff.

This is not, of course, to say that the district judge could not have found otherwise. It is, on the contrary, to say that the evidence was not such as to demand a finding either way, and it was for the judge to find, upon the evidence,

2. Moultrie National Bank v. Travelers Indemnity Company, D.C., 181 F.Supp. 444.

3. These are: (1) that the deposition of Craigmiles, taken in another case between the plaintiff bank and Craigmiles in the state court where the bank sought to hold him liable for making a certificate was not admissible in evidence in this cause; (2) that the seven statements contained in the Craigmiles deposition, objected to by plaintiff bank, were inadmissible and were not properly considered by the lower court as a basis for its decision in this case; and (3) that the court erred in not finding and holding that the bank had proved damages flowing from the issuance of the certificate.

4. United States Fidelity & Guaranty Co. v. Bank of Thorsby, 5 Cir., 46 F.2d 950; Cobb v. American Bonding Co. of Baltimore, 5 Cir., 118 F.2d 643; New Amsterdam v. W. D. Felder, 5 Cir., 214 F.2d 825; and Glens Falls Indemn. Co. v. National Floor & Supply Co., 5 Cir., 239 F.2d 412.

whether or not the plaintiff had made out its case.

We will not enter upon a detailed discussion of the individual procedural points. It will suffice to say of the admission of the deposition of Craigmiles, that we find no error in the district judge's ruling admitting it. This is particularly so because of the death of Craigmiles since the deposition was taken, and because, within the meaning of the Georgia Code, § 38–314, and the decisions cited in the district judge's opinion, substantially the same parties and substantially the same issues are involved here as were involved when the deposition was taken.

Of the objections made to individual portions of the deposition, it will be sufficient to say that, in view of the sole purpose for offering the deposition, to meet plaintiff's claim that "the act of the attorney in making the certificate was done willfully to deceive", the evidence was offered, and, as the district judge held, was admissible on the question of Craigmiles' motives, for the light it would throw thereon, and its offer and reception were not subject to the objections made below and pressed here.

It remains only for us to say that, while the district judge found it "not necessary to decide whether under the peculiar facts of this case Judge Craigmiles was, within the meaning of the bond, 'an attorney retained by the insured' ", we are of the opinion that as matter of law a construction of the bond which would, under the undisputed facts of this case, bring Craigmiles within the definition of "an attorney retained by the bank", is supported by neither reason nor authority and that, for this additional ground of no liability under the bond, the judgment must be affirmed.

Finally, while we agree with the statement of the district judge that it is not "necessary to decide whether the bank has suffered any loss due to its reliance upon the title opinion", we set up a caveat against any implication that we agree, with the statement immediately following the above: "It is doubtful, however, whether the bank has carried the burden of proving any such loss or the amount thereof with sufficient definiteness to support any finding in its favor.", or with the analysis and argument following this statement.

No error appearing, the judgment is affirmed.