FULLERFORM CONTINUOUS PIPE CORPORATION, an Arizona corporation; R. Fuller and C. V. Cherry, Jr., Co-Partners, doing business under the style and firm name of R. Fuller Co.; Pascal & Ludwig, Inc., a California corporation; Fullerform, Inc., an Arizona corporation, Plaintiffs,

v.

AMERICAN PIPE AND CONSTRUCTION CO.; American Concrete Pipe Co.; United Concrete Pipe Corporation, Martin-Marietta Corporation, Hydro Conduit Corporation; Six Points Lumber & Supply Company, a corporation, doing business under the style and firm name of O'Malley-Gannaway Concrete Pipe Co.; Arizona Concrete Pipe Co.; Arizona Concrete Pipe Association, Defendants.

No. Civ-6324-PHX.

United States District Court
D. Arizona.
April 25, 1968.

Carl W. Divelbiss, Divelbiss & Gage, Phoenix, Ariz., for plaintiffs.

George W. Jansen, San Diego, Cal., for American Pipe and Construction Co. and American Concrete Pipe Co.

John J. Hanson, Gibson, Dunn & Crutcher, Los Angeles, Cal., for United Concrete Pipe Corp.

Gordon F. Hampton, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for Martin-Marietta Corp.

Gordon G. Greiner, Holland & Hart, Denver, Colo., for Hydro Conduit Corp.

Newman R. Porter, Evans, Kitchel & Jenckes, Phoenix, Ariz., for Six Points Lumber & Supply Co. dba O'Malley-Gannaway Concrete Pipe Co.

R. E. Johnson, Spector & Johnson, Phoenix, Ariz., for Arizona Concrete Pipe Co.

## ORDER GRANTING PLAINTIFFS' MOTION TO USE HEREIN CERTAIN DEPOSITIONS PREVIOUSLY TAKEN IN THE NO-JOINT CASES

PENCE, District Judge.

Plaintiffs in this treble damage antitrust action [1] have moved the court for an order "allowing and authorizing" plaintiffs' use of depositions of twenty-six (26) witnesses previously deposed in the so-called No-Joint cases.[2] The No-Joint cases were similar private antitrust actions brought by manufacturers of cast-in-place pipe to recover alleged damages from some of the same defendants as herein. The depositions in question [3] were taken during the course of pre-trial discovery conducted under the supervision of this court in the No-Joint cases. This court is intimately acquainted with the complaints in the No-Joint cases, and the facts developed during discovery proceedings therein. At the time the No-Joint actions were settled on the eve of trial, all discovery had been completed and detailed trial briefs had been submitted setting forth the factual basis of plaintiffs' and defendants' cases.

In considering the instant motion, the court has compared the No-Joint complaint with the allegations herein. The parties have submitted numerous memoranda on this matter, and it was argued on at least three separate occasions before this court.[4]

Defendants assert that use of the No-Joint depositions herein would be prejudicial. They contend the bulk of the No-Joint testimony is irrelevant since it relates to the period of time ending in late 1962, and plaintiffs claim damages on jobs bid in 1963 or later. Defendants further point to an alleged lack of complete identity of parties and issues with the No-Joint actions. Defendants have carefully detailed the differences in plaintiffs suing, and the variances in defendants named. Certain defendants are common to the No-Joint actions and this proceeding (although some common defendants were dismissed from No-Joint prior to the taking of the depositions in issue), while others were sued only herein. Defendants also maintain there is a difference between the conspiracy alleged in No-Joint, which "impeded the development of a specific type of concrete

---

1. Title 15 U.S.C. §§ 1, 2 and 15.

2. No-Joint Concrete Pipe Co. v. American Concrete Agricultural Pipe Assn., C.A. 63–928–MP (C.D.Cal.); No-Joint Concrete Pipe Corp. of Southern California v. American Concrete Agricultural Pipe Assn., C.A. No. 64–374–MP (C.D. Cal.); W. M. Lynch Co. v. American Concrete Agricultural Pipe Assn., C.A. 64–858–MP (C.D.Cal.); United States No-Joint Concrete Pipe Company v.

American Concrete Agricultural Pipe Assn., C.A. No. 64–1614–MP (C.D.Cal.).

3. Plaintiffs' Preliminary List of Proposed Deponents and Motion (filed September 8, 1967) indicates the particular witnesses and depositions at issue.

4. See transcripts of pre-trial conferences on November 13, 1967, January 15, 1968 and February 19, 1968. This court orally announced the ruling contained herein at the February 19, 1968 hearing.

pipe, i. e., so called 'No-Joint' pipe", and the Fullerform allegation of "a conspiracy to restrain and to eliminate the competition brought about by cast-in-place pipe."[5] Defendants argue it would be unduly burdensome to permit use of 26 *No-Joint* depositions as they would have to recall all such witnesses to specifically inquire regarding Fullerform. Eleven (11) of the *No-Joint* deponents allegedly are not employed by Fullerform defendants, and are outside the subpoena range of this court sitting in the District of Arizona.[6] Under these circumstances, defendants contend they may even be denied the right to redepose those witnesses.

Plaintiffs contest defendants' arguments by asserting that the general issue involved in the *No-Joint* depositions was "whether or not a conspiracy had transpired."[7] In contrast to defendants' description, plaintiffs describe this conspiracy as one among manufacturers of pre-cast concrete pipe to eliminate cast-in-place producers as competitors in the market. Plaintiffs contend that the conspiracy was directed toward all no-joint (used generically) manufacturers regardless of whether they employ the Fuller-form, No-Joint or any other cast-in-place method of producing concrete pipe. Plaintiffs claim the *No-Joint* depositions were taken on this basis and are equally relevant to all suits by cast-in-place manufacturers. Accordingly, plaintiffs urge that there is sufficient identity of issues to allow use of the *No-Joint* depositions herein. Similarly, plaintiffs, while conceding certain differences in parties, maintain that the *No-Joint* defendants had the same interest and motive in that litigation as the Fullerform defendants. This identity of interest allegedly protects those Fullerform defendants not party to the *No-Joint* depositions, especially since defendants have the right of recall to clarify any existing ambiguities in the testimony.

As a general proposition, depositions taken in a prior proceeding are admissible in subsequent actions when there is "substantial identity of parties and issues * * *."[8] There is some variance in the standard applied in determining whether sufficient identity. exists, but this does not require total identity of parties and issues, as defendants assert.[9] This court feels the proper standard was set out in Baldwin-Montrose Chemical Co. v. Rothberg, 37 F.R.D. 354, 356 (S.D.N.Y.1964), as follows:

"The import of Rules 26(d) and 42 (a) of the Federal Rules of Civil Procedure taken together is that if a situation arises where there are common questions of law or fact and a substantial identity of issue, this court may order use of depositions and interroga-

---

5. Defendants' Memorandum In Opposition To Plaintiffs' Use of Deposition (sic) Taken In Prior Cases (dated September 25, 1967) at page 7.

6. Defendants' Memorandum In Opposition to Plaintiffs' "Supplemental Designation" of No-Joint Depositions (dated February 13, 1968) at page 2.

7. Plaintiffs Response To Memorandum of Defendants In Opposition To Plaintiffs' Use of Depositions Taken In No-Joint Cases (filed October 19, 1967) at page 6.

8. Batelli v. Kagan & Gaines Co., 236 F.2d 167, 169 (9 Cir. 1956).

9. Compare Wolf v. United Air Lines, 12 F.R.D. 1 (M.D.Pa.1951); First National Bank in Greenwich v. National Airlines, 22 F.R.D. 46 (S.D.N.Y.1958); and Taylor v. Rederi A/S Volo v. Lavino Shipping Co., 249 F.Supp. 326 (E.D.Pa.1966); with Moultrie National Bank v. Travelers Indemnity Co., 275 F.2d 903 (5 Cir. 1960); E. A. Copeland v. Petroleum Transit Co., 32 F.R.D. 445 (E.D.So. Carolina 1963); Scotti v. National Airlines, 15 F.R.D. 502 (S.D.N.Y.1954); Rivera v. American Export Lines, 13 F.R.D. 27 (S.D.N.Y.1952); Hertz v. Graham, 23 F.R.D. 17 (S.D.N.Y.1958); Insul-Wool Insulation Corp. v. Home Insulation, 176 F.2d 502 (10 Cir. 1949). The court is unaware of any previous antitrust action in which this question arose.

tories taken in one action to be used in the other. * * *

"This relief is designed to avoid a needless waste of time, money and effort and to expedite the litigation. The defendants will have had their full opportunity to cross-examine the deponents in the Lober action (cf. Rule 26(d)) and the right to conduct further discovery proceedings on matters not covered in the Lober depositions and interrogatories. They are therefore not prejudiced by the relief granted. Nothing herein affects the use or admissibility of the depositions and interrogatories at trial."

 This court is well satisfied that there is sufficient identity of parties and issues to permit use of the *No-Joint* depositions herein. Defendants' contentions that the issues involved in the two actions differ ring hollow. Despite any dissimilarity in the two physical processes employed in producing "No-Joint" and "Fullerform" cast-in-place pipe, both complaints allege (1) existence of the same conspiracy (although Fullerform carries it further forward in time), and (2) injury resulting from the effect it may have had on competition.

 The question then is whether a particular Fullerform defendant would be prejudiced by not having been present at a prior deposition which may be used against him. The answer is no. Defendants common to both actions have the same primary interest—disproving the existence of a conspiracy. They would have protected this interest in the *No-Joint* proceedings, to the benefit of themselves and all others similarly situated herein. The additional right to recall individuals previously deposed affords defendants the opportunity to correct, amplify or clarify any existing ambiguities or gaps in the record. While defendants contend this constitutes an incredible burden, it is certainly less burdensome than taking 26 depositions over again from scratch.

It is therefore ordered that:

1. Plaintiffs' motion to use some twenty-six (26) depositions previously taken in the *No-Joint* cases, supra note 2, is herewith granted, insofar as it encompasses only those *No-Joint* deponents now employed by defendants or within the subpoena range of this court;

2. If a particular *No-Joint* deponent is neither now employed by defendants or within the control of this court, plaintiffs are precluded from using such witness' *No-Joint* deposition; provided, however, that if plaintiffs make available such witnesses for re-examination, they may use such witnesses' *No-Joint* depositions or conduct complete examinations, at plaintiffs' option;

3. All rulings on the admissibility of particular portions of the *No-Joint* depositions at trial are reserved;

4. On or before May 6, 1968 the parties shall prepare and file with this court a list which specifies by name the *No-Joint* depositions which may be used herein pursuant to this order.