THOMAS FRIZZELL vs. WES PINE MILLWORK, INC.
& another.

Plymouth.    March 10, 1976. — December 22, 1976.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

Practice, Civil, Depositions, Parties. Evidence, Depositions. Massachusetts Rules of Civil Procedure, Depositions.

Although six tort actions arising out of an automobile accident were tried together, a pre-trial deposition taken by the defendant in one action was not admissible against the plaintiff in another where there had been no formal order of consolidation and where only counsel for the defendant was present at the deposition. [711-715]

TORT. Writ in the Superior Court dated July 16, 1971. The action was tried before J. P. Sullivan, J.

The case was submitted on briefs.

Barry D. Greene for the plaintiff.

Francis E. Sullivan for the defendants.

GOODMAN, J.    This action arose out of a collision between two automobiles at an intersection in Pembroke. It is brought by Thomas Frizzell, a passenger in the automobile driven by one Ryder, against one Madore, the driver of the other vehicle, and Wes Pine Millwork, Inc., its owner. This action was tried together with five other actions, four against the same defendants by passengers in the automobile driven by Ryder, including an action brought by one Carfagna, and the fifth against Wes Pine Millwork, Inc. by the administratrix of the estate of a passenger in the vehicle driven by Madore. The jury found, in answer to a special question, that Madore was not negligent; judgment was entered for the defendants on December 16, 1974; Frizzell appealed from that judgment. His only contention with which we need concern ourselves is

that Ryder's deposition, taken by the defendants in the action brought by Carfagna, was erroneously admitted in evidence.

The deposition had been taken on November 5, 1974, in Oakland, California, by an attorney for the defendants. At the deposition there was no appearance for Carfagna, and neither Frizzell nor any of the other plaintiffs were represented in any way. The deposition was admitted against all the plaintiffs and without restriction[1] on the ground that the cases had been consolidated for trial and that the plaintiffs, including Frizzell, had (as was conceded) received notice that the deposition was to be taken. In the circumstances of this case, neither of these reasons is a sufficient basis for the admission of the deposition.

The record does not disclose any order for consolidation pursuant to Mass.R.Civ.P. 42(a), 365 Mass. 805 (1974), and the trial judge's reference to a consolidation at a bench conference held just prior to the admission of the deposition on the third day of trial would seem to refer to the fact that the cases were actually being tried together. Since the joint trial had proceeded without objection it can be said that the cases were in fact consolidated for trial without a formal order of consolidation — though the better practice would have been to enter a formal order. *Kelly v. Greer,* 295 F. 2d 18, 19 (3d Cir. 1961). *Johnson Builders, Inc. v. United Bhd. of Carpenters & Joiners, Local 1095,* 422 F. 2d 137, 138 (10th Cir. 1970). However, the de facto consolidation at the commencement of the trial did not make Frizzell a "party . . . who had due notice [of the taking of the deposition]" within the meaning of Mass.R.Civ.P. 32(a), 365 Mass. 787 (1974), "Use of Depositions." It is true as the defendants point out, that "[a]ll errors and irregularities in the notice for taking a deposition [we]re waived", absent written objections promptly served. Mass. R.Civ.P. 32(d)(1), 365 Mass. 789 (1974). However, this

---

[1] See Mass.R.Civ.P. 32(a)(3), 365 Mass. 787 (1974). No question is raised, and it seems to have been agreed, that the deponent was unavailable for trial, so that his deposition was admissible pursuant to that provision if otherwise competent.

did not obviate the basic requirement that Frizzell be a party at the time the deposition was taken (or at least some time prior to trial; see discussion, *infra*) if it was to be used against him at trial upon the deponent's unavailability. *Hoffler* v. *Wheeler*, 179 A.2d 909, 910-911 (D.C. Mun. App. 1962). *Brown* v. *Tanner*, 164 So.2d 848, 850-852 (Fla. App. 1964). See *Application of Royal Bank of Canada*, 33 F.R.D. 296, 301-302 (S.D.N.Y. 1963). Such use at trial is premised on a prior right to cross-examine the deponent. But the rules gave Frizzell no right to cross-examine at the deposition in the *Carfagna* case; only parties are given that right under Mass.R.Civ.P. 30(c) and 43(b), 365 Mass. 783 and 806 (1974). Rule 30(c) provides that: "Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of Rule 43(b)," which provides for examination and cross-examination by a "party." The identity of the parties who have the right to cross-examine must ordinarily be determined as of the time the deposition is taken; that determination cannot be made retroactively through a subsequent consolidation if it is then too late for a party to avail itself of the opportunity to cross-examine. Cf. *Fullerform Continuous Pipe Corp.* v. *American Pipe and Constr. Co.* 44 F.R.D. 453, 456 (D. Ariz. 1968). Similarly, e.g., Rule 30(d), 365 Mass. 783 (1974), which gives "any party" the right to move to terminate or limit the examination "[a]t any time during the taking of the deposition," must speak as of the time of the deposition. *Hoffler* v. *Wheeler*, 179 A.2d at 911.

However, Rule 32(a) of the Federal Rules of Civil Procedure (formerly Rule 26[d]), which our Rule 32(a) tracks, has been read to make admissible a deposition when the purpose of the rule — "to ensure that the deposition is taken under adversarial circumstances" — is substantially satisfied. *Ikerd* v. *Lapworth*, 435 F. 2d 197, 205-206 (7th Cir. 1970). See *Rivera* v. *American Export Lines, Inc.* 13 F.R.D. 27, 28-29 (S.D.N.Y. 1952); *Hertz* v. *Graham*, 23 F.R.D. 17, 20-23 (S.D.N.Y. 1958), cert. den. 368 U. S. 929 (1961); *Fullerform Continuous Pipe Corp.* v.

*American Pipe & Constr. Co.* 44 F.R.D. at 456. Cf. *George R. Whitten Jr. Inc.* v. *State Univ. Constr. Fund,* 359 F. Supp. 1037, 1039 (D. Mass. 1973), aff'd 493 F. 2d 177 (1974). In the *Ikerd* case a passenger in an automobile and its driver both sued the seller of the vehicle in separate actions which were consolidated for trial; the court held admissible against the driver depositions taken by the defendant in the action by the passenger. The court pointed out that, though the action by the driver had not yet been brought when the depositions were taken in the passenger's case, counsel for the passenger was present at the taking of the depositions, and there was substantial identity of factual and legal issues. The court further pointed out that at the trial the passenger's counsel (with the driver's agreement) took the leading role for both plaintiffs. The court thus rejected the driver's argument that he was prejudiced because he had not had an opportunity to have his own counsel present at the deposition. In this case, unlike the *Ikerd* case and the other cases cited above, the circumstances are quite different. Here there was no cross-examination of the deponent at all; only counsel for the defendants was present. It is one thing to require a litigant, not a party when a deponent is examined, to rely on the cross-examination by a party with the same interest (but see Falknor, Former Testimony and the Uniform Rules: A Comment, 38 N.Y.U.L. Rev. 651, 655 [1963]); it is quite another matter to bind a litigant to the decision of such party not to attend at all. Carfagna's decision not to participate in California may have been based on considerations (e.g., the amount at stake, Carfagna's financial condition, access to California counsel) quite different from those which might have motivated Frizzell.

We have found no case in which a deposition has been held admissible against one who was not a party when the deposition was taken and the deponent had not been subjected to some cross-examination by another — or where there had been no opportunity subsequent to the deposition for further examination of the deponent. See *Fullerform Continuous Pipe Corp.* v. *American Pipe & Constr.*

*Co.* 44 F.R.D. at 456, and *Hertz* v. *Graham,* 23 F.R.D. at 23. In each of these cases an order was sought to use a deposition in sufficient time before trial to give an opportunity for further examination of the deponent. Here no such pretrial order was apparently sought; the issue only arose at trial when the deposition was offered. At that point Frizzell had, of course, no opportunity to examine the deponent.

Further, Wigmore, who influenced the extension of Rule 32(a) of the Federal Rules in the cases we have cited, posed the issue in connection with the admissibility of former testimony generally as "whether a thorough and adequate cross-examination has been had." Wigmore, Evidence, § 1388, at 102 (3d ed. 1940); Wigmore, Evidence, § 1388, at 118 (Chadbourn rev. 1974). He stated the principle to be "that where the interest of the person was calculated to induce equally as thorough a testing by cross-examination, then the present opponent has had adequate protection for the same end." Wigmore, *supra* (3d ed.) at 95; (Chadbourn rev.) at 111.[2] We do not read him as advo-

[2] The response to Wigmore's proposal has not been uniform. The rules of evidence, approved by the National Conference of Commissioners on Uniform State Laws and the American Bar Association in 1953, embodied Wigmore's proposal. Uniform Rules of Evidence, Rule 63(3)(b)(ii). Similarly, § 804(b)(1) of the Federal Rules of Evidence proposed by the Supreme Court of the United States adopted the test of similar interest and motive for cross-examination whether or not by a party. 56 F.R.D. 183 at 321 (1972). Advisory Committee Note, *supra,* at 323-325. However, Congress in enacting these rules revised § 804(b)(1) to limit the use of prior testimony to instances in which a party or his predecessor in interest had had an opportunity to cross-examine. 28 U.S.C. Appendix 2360 (Supp. V 1976). See H.R. Rep. No. 93-650, 93d Cong., 1st Sess. 15 (1973) (reprinted in Am.Jur.2d, Fed.R.Evid. 173 [new topic service 1975]); Sen. Rep. No. 93-1277, 93d Cong., 2nd Sess. 28 (1974) (reprinted in Am.Jur.2d, Fed.R.Evid. 218 [new topic service 1975]). In 1974, the National Conference of Commissioners on Uniform State Laws adopted a new version of the Uniform Rules of Evidence, which corresponds in relevant part to the present § 804(b)(1) of the Federal Rules of Evidence. Handbook of the National Conference of Commissioners on Uniform State Laws, 912, 942 (1974). (The cases cited in the text which relied on Wigmore's analysis were decided prior to the change in proposed Rule 804(b)(1) of the Federal Rules of Evidence.)

Although neither the Federal Rules of Evidence nor the new Uniform Rules of Evidence now embody Wigmore's position, four States

cating admission of a deposition in a case such as the present one.

For the same reasons — viewed as a matter of the rules of evidence (see Mass.R.Civ.P. 43[a]) — we would not (assuming that it were appropriate for this court to do so) extend to this case the common law hearsay exception for former testimony, presently admissible when it has been given in a suit between the same parties or their privies. *Welles* v. *Fish,* 3 Pick. 74, 76-78 (1826). *Commonwealth* v. *Richards,* 18 Pick. 434, 437 (1837). *Warren* v. *Nichols,* 6 Met. 261, 264 (1843). *Yale* v. *Comstock,* 112 Mass. 267, 268 (1873). *Ibanez* v. *Winston,* 222 Mass. 129, 130 (1915). *Commonwealth* v. *Glassman,* 253 Mass. 65, 74 (1925). Leach & Liacos, Handbook of Massachusetts Evidence, 192 (4th ed. 1967). Hughes, Evidence, § 464 (1961).

*Judgment reversed.*

have adopted the rules of evidence which replaced the requirement of identity of parties with the test of similar interest and motive for cross-examination as the basis for allowing the use of prior testimony. Cal. Evid. Code, § 1292 (West 1968). Kan. Stat. Ann. 60-460 (c) (2) (ii) (1963). N.J. Stat. Ann. 2A: 84A-32, Rule 63(3) (a) (ii) (1976). Neb. Rev. Stat. § 27-804(2) (a) (1975).