LoConto, P.J.
The appellant, The Estate of Rudie Yoight, brought this appeal pursuant to Rule 8C of the District/Municipal Courts Rules for Appellate Division Appeal, aggrieved by the decision of the trial judge in favor of the plaintiff. The facts and issues necessary for an understanding of the case are as follows. On March 8, 1995, the plaintiff, Elizabeth Nunez, brought an action in the Superior Court Department seeking recovery for the injuries she claims were suffered in an automobile accident while she was a passenger in a motor vehicle operated by *121 her husband, Henry Nunez. She sued her husband, his insurer, The Commerce Insurance Company, and Andres Deschenes, an operator of another motor vehicle. On October 31,1995, the complaint was amended by adding Rudie Voight as a party defendant. The Estate of Rudie Voight was substituted as the defendant following the filing of a Suggestion of Death. The amended complaint alleges that Mr. Voight is also liable to the plaintiff for the negligent operation of his motor vehicle. The case was eventually transferred to the District Court Department and tried on January 28,1999. The defendant, Andres Deschenes, did not testify at the trial. The defendant, The Estate of Rudie Voight, claims that the trial judge erred by admitting over its objection the June 18,1996, deposition of Andres Deschenes. It also claims the trial judge’s findings cannot be supported by the evidence and that the trial judge erred by denying its motion to dismiss the complaint at the conclusion of the plaintiffs case.
It is undisputed that Rudie Voight died on July 25, 1995. It is also undisputed that prior to the amendment of the complaint that added Rudie Voight as a defendant, the plaintiff took the deposition of Andres Deschenes on June 18,1996. The appellant was not represented by counsel when this deposition was taken and there was no opportunity to cross-examine the deponent. The appellant was added as a party and was represented by counsel at the time Mr. Deschenes was again deposed by counsel for the appellant on September 21, 1996. The only evidence offered to identify Rudie Voight as the operator of the third motor vehicle is the deposition testimony of Andres Deschenes.
Admissibility of Depositions. Rule 32(a) states that “... any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof....” Mass. R. Civ. P., Rule 32(a). “Such use at trial is premised on a prior right to cross-examine the deponent.” Frizzell v. Wes Pine Millwork, Inc., 4 Mass. App. Ct. 710 (1976). At the time of Mr. Deschenes’ first deposition on June 16, 1996, Rudie Voight was not a party and had no notice of the taking of any deposition. The application of the rule would appear to exclude the admissibility of the deposition against the appellant. However, there is authority to permit the use of such a deposition where there had been a subsequent opportunity to depose the party. See Hertz v. Graham, 23 F.R.D. 17, 23 (1958) and Fullerform Continuous Pipe Corporation v. American Pipe and Construction Company, 44 F.R.D. 453, 453 (1968). The appellant deposed Andres Deschenes on September 21,1996, and was permitted to explore the same facts and information deduced at the original deposition. The appellant’s argument questioning Mr. Deschenes’ memory regarding the identity of the third motor vehicle during the September 21,1996, deposition affects its weight and not its admissibility. The rulé requiring that the use of a deposition at trial must be premised on a prior right to cross-examine the deponent has been satisfied here. The trial judge committed no prejudicial error by admitting the depositions of Andres Deschenes taken on June 21,1996, and September 21,1996.
Sufficiency of the Evidence. The plaintiff and her husband were the only witnesses who testified at the trial. Andres Deschenes’ depositions constituted the balance of the evidence. During her testimony, Mrs. Nunez could not identify the third motor vehicle or its operator. She further testified that in a conversation with Mr. Deschenes immediately following the accident, he never informed her that he could identify the other motor vehicle or that he obtained its license plate number. All that Mr. Nunez could recall during his testimony was that the third vehicle was “a smaller vehicle than the vehicle in the middle lane,” which contradicts Mr. Deschenes’ deposition evidence describing the vehicle as a “blue Buick or Oldsmobile ... mid 80’s, when they had those big, big boats back then.” Mr. Nunez *122 could not recall any conversation with Mr. Deschenes regarding the license plate number of the third motor vehicle. The Nunez’ testimony, taken in the light most favorable to the plaintiff, would not be legally sufficient to support a finding against The Estate of Rudie Voight.
Nor is the deposition evidence of Mr. Deschenes enough to overcome this insufficiency. In his June, 1996, deposition, Mr. Deschenes stated that his wife wrote down the license plate number, but he did not know what happened with the piece of paper that it was written onto. And he could not recollect if his own memory of the number agreed with what his wife wrote down. Also lacking is any evidence as to what either Mr. or Mrs. Deschenes did with the recorded license plate number. There is no evidence connecting the purported number and Rudie Voi-ght. The trial evidence is deficient of any verification from the Registry of Motor Vehicles or any other source suggesting that the vehicle owned by Rudie Voight matched the license plate number supposedly copied by Mrs. Deschenes. And most significantly, there was no evidence presented that Rudie Voight was the operator of the third motor vehicle. The trial judge’s finding that Rudie Voight was the owner and operator of the third motor vehicle is not supported by the evidence presented at trial. Therefore we order that the clerk of the trial court vacate the finding in favor of plaintiff, Elizabeth Nunez, against the defendant, The Estate of Rudie Voight, and enter a finding in favor of this defendant.