Leibensperger, Edward P., J.
Plaintiffs move to exclude from evidence at trial deposition testimony obtained by defendant, Philip Morris USA, Inc. (“PM”), in other Marlboro Lights cases around the countiy. The deposition testimony was taken by PM from absent[2] class members in other civil actions against PM. PM proposes to offer at trial excerpts from the deposition testimony of approximately 230 absent class members. All of the witnesses are beyond the subpoena power of the court and are, therefore, unavailable to testify at trial. PM argues that the deposition testimony is admissible as an exception to the hearsay rule because it is prior recorded testimony that qualifies under Mass. Guide Evid. 804(b)(1) and Mass.R.Civ.P. 32(a). Plaintiffs dispute the admissibility of the testimony and also argue that the proposed use of this deposition testimony is inconsistent with the spirit, if not the terms, of a ruling made in this case (Lauriat, J.) strictly limiting PM’s ability to take depositions of absent class members. Paper No. 92, Nov. 2005 [20 Mass. L. Rptr. 303). For the reasons stated below, I agree with plaintiffs’ arguments.
The plain language of804(b) (1) (B) requires that deposition testimony of a "witness (now unavailable for trial) is admissible against a parfy only if the party, or the party’s “predecessor in interest” had the “opportunity and similar interest” to cross examine the witness. Here, it is undisputed[3] that plaintiffs in this case did not have notice of, and therefore the opportunity to attend, the depositions and to cross examine the witnesses. The importance of the opportunity to cross examine by the party against whom the testimony is offered is a matter of fundamental fairness, as well as a requirement for admissibility as an exception to the hearsay rule. It would be particularly unfair here to allow PM to use the depositions against plaintiffs when it appears that PM harbored the intent throughout the litigation to use out-of-state depositions in this way, but nevertheless did not notify plaintiffs of the depositions.
PM cites no authority from the Massachusetts Supreme Judicial Court or Appeals Court allowing the use of a deposition against a party who was not notified of the deposition. In fact, the only Massachusetts case cited, Frizzell v. Wes Pine Millwork, Inc., 4 Mass.App.Ct. 710 (1976), holds that a deposition cannot be used in that way. The court focused on the right to cross examine and noted that only a party to the case in which the deposition is taken has such a right. Id. at 712. The court rejected the admissibility of the proffered deposition testimony under both Mass.R.Civ.P. 32 and the rules of evidence (before compilation in the Mass. Guide Evid.). Id. at 715.
PM argues that the words “predecessor in interest” in 804(b)(1)(B) opens the door to admissibility where the party against whom the deposition is offered was not given the opportunity to cross examine but some other person was given the opportunity and that person had a similar motive for cross-examination. PM cites federal cases in support. I am skeptical as to whether our appellate courts would read 804(b)(1)(B) so broadly, particularly where PM could have given *170 plaintiffs in this case notice of the depositions (or sought leave to do so) but decided not to.
Finally, plaintiffs argue that Judge Lauriat considered what absent class member discovery was appropriate in this case and limited PM to 25 depositions of Massachusetts, members of the class. Part of Judge Lauriat’s rationale was his view that such testimony was of limited relevance. I agree with Judge Lauriat’s description of the limited relevance. Moreover, I agree with plaintiffs’ contention that PM’s proffer of out-of-state depositions taken in other cases is, in essence, an end run around Judge Lauriat’s decision and order.
CONCLUSION
For the reasons stated above, Plaintiffs’ Motion to Exclude Prior Testimony From Out-of-State Smokers in Other Cases is ALLOWED.

 Absent class members refers to members or potential members of a class of plaintiffs other than the named representatives of the class.

 PM points out that in the Craft case in Missouri counsel for plaintiffs in this case are listed among several other counsel on certain pleadings. Four of the depositions proffered by PM are firom the Craft case. Counsel for plaintiffs deny that they ever formally entered an appearance in that case and specifically deny receiving notices of depositions. PM offers no evidence that plaintiffs’ counsel received notice of any of the proffered out-of-state depositions.