## SOUTHERN INDIANA BROADCAST-ING, LTD., Appellant,

v.

## FEDERAL COMMUNICATIONS COMMISSION, Appellee,

**Posey County Broadcasting Corporation, Intervenor.**

### No. 90–1492.

United States Court of Appeals, District of Columbia Circuit.

Argued May 16, 1991.

Decided June 21, 1991.

---

1341

James A. Kline, IV, with whom Donald J. Evans, Washington, D.C., was on the brief for appellant.

Roberta L. Cook, Counsel, F.C.C., with whom Robert L. Pettit, Gen. Counsel, and Donald M. Armstrong, Associate Gen. Counsel, F.C.C., Washington, D.C., were on the brief for appellee.

Harry C. Martin and Troy F. Tanner, Washington, D.C., entered appearances for intervenor.

Before EDWARDS, BUCKLEY, and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Southern Indiana Broadcasting seeks review of a Federal Communications Commission order granting Posey County Broadcasting Company authority to construct a new FM broadcast station. Southern challenges the ALJ's refusal to admit certain deposition testimony and the Commission's decision that if the ALJ erred in this respect, the error was harmless. Southern also objects to the ALJ's refusal to consider whether Posey violated Commission rules prohibiting *ex parte* communications with decision-making staff.

When more than one person seeks a construction permit for a new FM station, the Commission chooses among the applicants in light of its goals of providing "the best practicable service to the public" and maximizing "diffusion of control of the media of mass communications." *See Policy Statement on Comparative Broadcast Hearings,* 1 F.C.C.2d 393, 394 (1965). The Commission considers it important if an applicant will participate actively in the daily management of the proposed radio station. The Commission will enhance the credit given for such integration of ownership with management if the applicant possesses certain other characteristics, such as broadcast experience, civic participation or minority status. *Policy Statement,* 1 F.C.C.2d at 396. The Commission also may enhance the credit if the applicant is the licensee of a "daytime-only AM station," *WBEN, Inc. v. United States,* 396 F.2d 601, 605–06 (2d Cir.), *cert. denied,* 393 U.S. 914, 89 S.Ct. 238, 21 L.Ed.2d 200 (1968), provided the applicant has spent more than 20 hours each week for the past three years participating in the daily management of the AM station and satisfies four other criteria not relevant here. *See National Black Media Coalition v. FCC,* 822 F.2d 277, 279–80 (2d Cir.1987).

Much of the dispute in this case centers on the ALJ's exclusion of evidence relating to whether Posey should receive enhanced credit for owning and managing AM station WPCO in Mount Vernon. Ann M. Nussel, who owns Posey with her husband, testified during the comparative hearing that she had participated in the day-to-day management of WPCO. To impeach this testimony, Southern sought to introduce into evidence the deposition of Richard Grogg, station manager at WPCO. The ALJ sustained Posey's hearsay objection to the deposition on the ground that Grogg was not going to testify and therefore would not be available for cross-examination by Posey.

Southern argues that the Grogg deposition was admissible under 47 C.F.R. § 1.321(d)(2). That subsection, when read in conjunction with 47 C.F.R. § 1.321(b),

generally tracks the language of Rule 32(a)(2), Fed.R.Civ.P. Rule 32(a)(2) states that at trial, a deposition "so far as admissible under the rules of evidence applied as though the witness were then present and testifying," may be used against a party if that party was present at the taking of the deposition or had reasonable notice of it. The quoted language represents an exception to the hearsay rule; it means that a party cannot properly object to admission of a deposition on the ground that the deponent is absent and that his out-of-court statement is being introduced. 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2143, at 453 (1970). Southern may be correct that section 1.321(d)(2) has the same meaning as Rule 32(a)(2), but the Commission did not resolve that issue. It assumed that section 1.321(d)(2) would have rendered Grogg's deposition admissible and that Southern had properly relied on this ground although it did not mention the section to the ALJ (cf. United States v. Peak, 856 F.2d 825, 832–33 (7th Cir.), cert. denied, 488 U.S. 969, 109 S.Ct. 499, 102 L.Ed.2d 535 (1988)). We shall make the same assumptions, which brings us to Southern's argument against the Commission's determination that the error, if there was one, was harmless.

On this score Southern makes the rather feeble claim that the deposition was not formally part of the record for decision, that it did not anticipate the Commission's looking at the deposition (which was part of the official correspondence file), and that the Commission should not have done so. Southern does not say how the Commission could have decided whether the deposition's exclusion affected the outcome without reviewing the deposition itself. Aside from that, the Commission never passed on the argument Southern makes in this court. Southern could have, but did not, raise the argument in a petition for reconsideration. Yet when a party seeking judicial review "relies on questions of fact or law upon which the Commission ... has been afford-

ed no opportunity to pass," that party must file a petition for reconsideration as "a condition precedent to judicial review." 47 U.S.C. § 405(a). Although we have treated this as an "exhaustion" requirement, rather than a jurisdictional prerequisite, and have allowed exceptions, Action for Children's Television v. FCC, 564 F.2d 458, 469 (D.C.Cir.1977), there is no reason to do so here. Had Southern raised its objection on reconsideration, the Commission could have held that the deposition was part of the record since it was in the official correspondence file (47 C.F.R. § 3.318(f)). Cf. National Ass'n for Better Broadcasting v. FCC, 830 F.2d 270, 274 (D.C.Cir.1987). Or it could have responded to Southern's argument by supplementing the formal record with the deposition, as Southern had asked the ALJ to do. See 47 C.F.R. § 1.203. In either event, on a petition for reconsideration the Commission might have satisfied Southern's problem; at the least, the Commission would have had an opportunity to respond. 830 F.2d at 274 & n. 30. Southern's failure to comply with 47 U.S.C. § 405(a) therefore forecloses judicial review of this question of law.

Southern's remaining claim is that the ALJ should have determined whether Posey improperly initiated ex parte communications with the Commission, or solicited and encouraged others to do so on its behalf (see 47 C.F.R. §§ 1.1202, 1.1208 & 1.1210). Southern did not assert this claim before the Commission and it is therefore not properly before us for review. Rogers Radio Communications Services v. FCC, 751 F.2d 408, 413 n. 14 (D.C.Cir.1985).

The petition for review therefore is denied.