**SCOTTI**

v.

**NATIONAL AIRLINES Inc.**

Civ. A. No. 89-127.

United States District Court, S. D. New York.

Feb. 25, 1954.

Kreindler & Kreindler, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendant.

NOONAN, District Judge.

By this motion the plaintiff moves pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order directing that all depositions heretofore taken in similar matters be usable and admissible in the instant action to the same extent and with the same force and effect as if originally taken for purposes of the instant case.

Although the cases in which depositions were taken previously contained another defendant, as well as the instant one, the issues were the same as here. For this reason, this Court favors the granting of the motion. The case of Rivera v. American Export Lines, Inc., D.C., 1952, 13 F.R.D. 27, (Leibell, D. J.) is precedent for granting it under Rule 26(d).

On the other hand, apart from the authority for granting such a motion, the defendant asserts that, in view of the other defendant being present in the case in which the depositions were taken, and in view of the other names that were involved, it would be "physically impossible" to separate or segregate the pertinent from the irrelevant. Plaintiff asks, however, only that the depositions be usable "to the same extent and with the same force and effect as if originally taken in each of these cases". Therefore, plaintiff must believe that the separation or segregation is not "physically impossible".

This issue should not be left to the trial judge to dispose of when the trial arises; it would be too late for the plaintiff to attempt to gather the necessary depositions at that stage of the proceedings should the judge rule adversely to her, and it would be a needless waste of time, effort and money for the plaintiff's counsel to take them in advance if the earlier depositions are usable.

The defendant also alleges that reading or hearing the depositions obtained for use in another case would serve to tell the jury that there had been other law suits arising out of the same accident; this argument seems quite unrealistic for the reason that the average person is very well aware that, when there is a commercial passenger plane crash, the injured passengers sue; and, further, when the crash receives as much notoriety as the one involved in these cases, any juror who can read will be aware of the fact that there was more than one casualty.

The defendant in this action had the same motive to question or cross-question the deponents in the earlier actions as it would have in the instant one. In view of the fact that there was another defendant in the earlier cases, certain portions of the depositions may be inapplicable; those portions should be eliminated.

Accordingly, it would seem that the only equitable solution would be to grant the plaintiff's motion subject to the plaintiff being able to substitute correct names where proper, and to limit the depositions, as in the wording of the motion, to portions which would have been admissible had the depositions been taken for the benefit of the current rather than the original plaintiffs. Any conflict as to this last phase may be resolved by the trial judge.

Settle order in accordance herewith.