E. A. COPELAND, as Administrator of the Estate of Elbert A. Simmons, deceased, Plaintiff,

v.

PETROLEUM TRANSIT COMPANY, Inc. and Oscar Howell, Defendants.

No. AC/834.

United States District Court
E. D. South Carolina,
Columbia Division.
April 4, 1963.

Baskin & Cothran, Bishopville, Edens & Hammer, Columbia, S. C., for plaintiff.

Turner, Padget & Graham, Columbia, S. C., for defendants.

WYCHE, District Judge (sitting by designation).

The above case is before me upon motion of the plaintiff E. A. Copeland, as Administrator of the Estate of Elbert A. Simmons, deceased, "for an order permitting the use in the above action of the deposition of Mrs. E. A. Simmons taken in the case of Petroleum Transit

Company, Inc., v. Edwin A. Copeland, Administrator of the Estate of Elbert Allen Simmons, Deceased, Civil Action No. 7599, in the United States District Court for the Eastern District of South Carolina, Florence Division, to the same extent and with the same force and effect as if originally taken for the purposes of the above entitled action on the ground that the issues in Civil Action No. 7599 and the present action as to liability are the same and the admissibility of such deposition is in accord with Rule 26 (d) Federal Rules of Civil Procedure, 28 U.S.C.A., providing that at the trial any part or all of the depositions, as far as admissible under the Rules of Evidence may be used against any party who was present or represented at the taking of the depositions or had due notice thereof. Said motion will be based upon the pleadings in Civil Action No. 7599, the pleadings in the present action, and the copy of the deposition of Mrs. E. A. Simmons in Civil Action No. 7599 showing that the defendant was a party to Civil Action No. 7599 involving the identical issues involved in the present action and was accorded full opportunity for cross examination, and upon the attached copy of the statement from Dr. D. Lamar Lee, and such other evidence as may be produced at the hearing of the motion."

The statement of Dr. D. Lamar Lee dated February 5, 1963, attached to the motion is as follows: "Re: Mrs. Mamie (E.A.) Simmons, Timmonsville, S. C. Age 81–White TO WHOM IT MAY CONCERN: This is to certify that I have known the above captioned patient for the past several years and during November 1960 treated her for ventricular systoles combined with pulmonary fibrosis and slight dilation of her aorta, and generalized arteriosclerosis. Following an automobile accident in October, 1961 she was hospitalized under my professional care and I have attended her, along with Dr. Frank Davenport, of Timmonsville, S. C., since that time. She suffered a conclusion of the brain at the time, had large bilateral hematomas, chest injuries on the left side, and multiple bruises of her body. She has been confined to bed several times since the accident and from her heart trouble. She is a very frail person and to this date she has never regained her former strength and mental stamina; also, she suffers with much mental depression and anxiety. Because of her age, frailty and infirmity, it is my professional opinion that she is not physically or mentally able to appear as a witness in the Courtroom of any Court of South Carolina or elsewhere to testify. To do so would, in my opinion, be most injurious to her health."

In this case plaintiff's cause of action is brought by him as administrator in his capacity as personal representative of the statutory beneficiaries of an action for wrongful death against Petroleum Transit Company, Inc., the owner of the tractor-trailer involved in the accident in this case, and Oscar Howell, the driver of the tractor-trailer at the time of the accident. The defendant Petroleum Transit Company, Inc. filed a counterclaim for damages but the counterclaim was dismissed by Order of the Honorable George Bell Timmerman on the ground that the defendant Petroleum Transit Company, Inc. did not have a right to assert such counterclaim in an action brought by the Administrator in his representative capacity for the benefit of the beneficiaries under the Wrongful Death Statute.

Petroleum Transit Company, Inc. brought an action in the United States District Court for the Eastern District of South Carolina in the Florence Division against E. A. Copeland, as Administrator of the Estate of Elbert A. Simmons, deceased, for property damages, and E. A. Copeland, as Administrator of the Estate of Elbert A. Simmons, deceased, counterclaimed under the Survival Statute. Oscar Howell, the driver of the tractor-trailer, was not made a party in the Florence Division case.

The deposition of Mrs. E. A. Simmons, the widow of Elbert A. Simmons and who was a passenger in the automobile of her

husband Elbert A. Simmons at the time of the accident involved in this controversy, was taken by attorneys for E. A. Copeland, as Administrator of the Estate of Elbert A. Simmons, deceased, for use in the Florence Division case. Petroleum Transit Company, Inc. was represented by its attorney at the taking of the deposition and cross-examined Mrs. Simmons.

It is not contended by attorneys for E. A. Copeland, as Administrator of the Estate of Elbert A. Simmons, deceased, that they should be allowed to use the deposition of Mrs. Simmons in the Columbia Division case against the defendant Oscar Howell, who was not a party in the Florence Division case, who had no notice of the taking of the deposition of Mrs. Simmons and who was not present or represented at the taking of the deposition.

The cases in the Columbia Division and the Florence Division are non-jury cases.

The pertinent part of Rule 26(d) Federal Rules of Civil Procedure, is as follows: "USE OF DEPOSITIONS. At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions: * * * (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: * * * or 3, that the witness is unable to attend or testify because of age, sickness, infirmity, * * * and, when an action in any court of the United States or of any state has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor."

As to use of deposition taken in another action involving substantially the same issues, in the trial of a subsequent action, Professor Wigmore says: "It ought, then, to be sufficient to inquire whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has; * * *." 5 Wigmore (3d Ed. 1940) Sec. 1388, p. 95.

In the Florence Division case in which the deposition of Mrs. Simmons was taken, substantially the same issues were involved as in the Columbia Division case in which there is another defendant, and Petroleum Transit Company, Inc. had the same motive in the Florence Division action to question or cross-question Mrs. Simmons as it would have in the Columbia Division action, and in my opinion, E. A. Copeland, as Administrator of the Estate of Elbert A. Simmons, deceased, in the Columbia Division action should be allowed to use the deposition of Mrs. Simmons to the same extent and with the same force and effect as if originally taken for purposes of the Columbia Division case against the defendant Petroleum Transit Company, Inc. Scotti v. National Airlines, Inc., 15 F.R.D. 502 (D.C.S.D.N.Y.1954).

There is no question of foreclosing a litigant from his day in court. Since the deposition of Mrs. Simmons in the Florence Division action is relevant and material and since the issues in the E. A. Copeland, as Administrator of the Estate of Elbert A. Simmons, deceased's cause of action against the defendant Petroleum Transit Company, Inc. and Oscar Howell are substantially the same, and since the defendant Petroleum Transit Company, Inc. had an adequate opportunity to and did cross-examine Mrs. Simmons in the Florence Division case with the same motive and interest, the deposition of Mrs. Simmons in the Florence Division case is admissible in this action against the defendant Petroleum Transit Company, Inc. The fact that Petroleum Transit Company, Inc. was represented

at the taking of the deposition in the Florence Division case by a different attorney is immaterial, since the test is not whether the attorney had the opportunity to cross-examine Mrs. Simmons, but whether Petroleum Transit Company, Inc. had the opportunity and the same interest and motive in its cross-examination. See, Hertz v. Graham, 23 F.R.D. 17 (D.C.S.D.N.Y.1958).

It is, therefore, ordered, That the motion of the plaintiff to be permitted to use in the above action the deposition of Mrs. E. A. Simmons taken in the case of Petroleum Transit Company, Inc., v. Edwin A. Copeland, Administrator of the Estate of Elbert Allen Simmons, deceased, Civil Action No. 7599, in the United States District Court for the Eastern District of South Carolina, Florence Division, to the same extent and with the same force and effect as if originally taken for the purposes of the above entitled action, as against the defendant Petroleum Transit Company, Inc., be and the same is hereby granted.