BALDWIN-MONTROSE CHEMICAL COMPANY, Incorporated by: Louis Lober and Charles Lober, individually and trading as Lober Brothers & Co.; Joseph Londner; David Rabinowitz; Jetta Hardbrod and Ruth Berger, Plaintiffs,

v.

Benjamin ROTHBERG, Miriam Rotrosen, Samuel Rotrosen and R. W. Greeff & Co., Inc., Defendants.

United States District Court
S. D. New York.

Dec. 4, 1964.

---

Morton Roth and Saul Sperling, New York City, for plaintiffs.

Willkie, Farr, Gallagher, Walton & Fitzgibbon, New York City, for defendants.

CANNELLA, District Judge.

Motion by the plaintiff, pursuant to Rules 26(a) and 42(a) of the Federal Rules of Civil Procedure, for an order directing that depositions and interrogatories to be taken in a companion action (Louis Lober et al. v. Pincus Rothberg

et al., 63 Civil 2131) be used in this action. The motion is granted on condition that their use is made subject to the defendant's right to make the same objections on the trial of this action as if they were taken in the instant action.

The instant case is an action brought under Sections 16(b) and 16(d) of the Securities Exchange Act of 1934. It is brought to recover alleged short swing profits made by the four defendants. The companion action is a stockholders' derivative action brought for the benefit of the plaintiff here, Baldwin-Montrose Co., as well as a class action on behalf of its stockholders and the stockholders of Montrose Chemical Company, now merged into Baldwin-Montrose Co. The action is based on alleged violations of Sections 10 (b) and 14(a) of the Securities Exchange Act of 1934.

■■ The import of Rules 26(d) and 42(a) of the Federal Rules of Civil Procedure taken together is that if a situation arises where there are common questions of law or fact and a substantial identity of issue, this court may order use of depositions and interrogatories taken in one action to be used in the other. The plaintiff has detailed many instances of similar and identical issues of law and fact too numerous to list here. Suffice it to say that enough is present to bring this situation within the intent of Rule 42(a). Although strict consolidation of actions within the literal meaning of Rule 42(a) is not contemplated here, compliance with its intent is the result. Any contention as to the existence of different issues of law present has no effect for Rule 42(a) merely requires identity of either law or fact.

■■ Similar relief to that ordered herein has previously been granted. See Scotti v. National Airlines Inc., 15 F.R.D. 502 (S.D.N.Y.1954); Hertz v. Graham, 23 F.R.D. 17 (S.D.N.Y.1958). This relief is designed to avoid a needless waste of time, money and effort and to expedite the litigation. The defendants will have had their full opportunity to cross-examine the deponents in the Lober action (Cf. Rule 26(d)) and the right to conduct further discovery proceedings on matters not covered in the Lober depositions and interrogatories. They are therefore not prejudiced by the relief granted. Nothing herein affects the use or admissibility of the depositions and interrogatories at trial. See also, Copeland v. Petroleum Transit Co., Inc., 32 F.R.D. 445 (1963). The defendants object to the relief requested on the ground that there is no authority for ordering such use of depositions and interrogatories not yet taken. But at the time of their use at trial, the depositions and interrogatories will be those taken in a prior action and that is all that is required. See Hertz v. Graham, supra.

■ Defendants also object to a decision by Judge Bryan of this court in the instant motion on the permissible scope of discovery. That decision is the law of the case (Bartels v. Sperti, 73 F.Supp. 751, 754(S.D.N.Y.1947)) and furthermore this court is in full agreement with its content.

■ Plaintiffs here have offered to withdraw their demand for a jury trial in the § 16(b) action to avoid any possible prejudice to the defendants. The defendants' contention that Rule 38(d) prevents the plaintiff from so doing seems without merit here, for only the plaintiff may demand a jury trial in a § 16(b) suit. Arbetman v. Playford, 83 F.Supp. 335 (S.D.N.Y.1949). The defendants thus could not possibly have relied on the plaintiff's demand for a jury trial causing them to forego any such demand on their part. While this order is not conditioned on withdrawal of the demand by the plaintiff, the court strongly suggests that the parties reach a stipulation on this matter consistent with the plaintiff's offer of withdrawal.

This decision will not limit any further discovery in this action, should any be called for. It merely provides that as to the parties to be examined in the Lober action and as to matters involved there,

no further depositions and interrogatories shall be taken in this action. But should the need arise for further depositions and interrogatories here, they may of course be taken.

The motion is granted provided there is compliance with the conditions contained herein.

Settle an order.