**Juana Agosto ALAMO, Plaintiff,**

v.

**PUEBLO INTERNATIONAL INC., Defendant.**

Civ. No. 889–71.

United States District Court, D. Puerto Rico.

Sept. 21, 1972.

---

**194**

Ernesto Maldonado Perez, San Juan, P. R., for plaintiff.

David Rive Rivera, Hato Rey, P. R., for defendant.

### ORDER

TOLEDO, District Judge.

Plaintiff, Juana Agosto Alamo, filed on July 13, 1972, a motion in which she requested that the present case be consolidated with that of Estrella Lazús v. Pueblo International, Inc., Civil No. 113072, for the purpose of arguing and deciding jointly the jurisdictional question pending in both cases. This motion further requested that in both cases, plaintiffs, who are represented by Mr. Ernesto Maldonado, Esquire, be allowed to use a deposition taken by this attorney in a case known as International Construction Corp. v. Pueblo International, Inc., Civil No. 588–71, which case is also before this Court.

Defendant herein filed a written opposition on July 19, 1972 in which it agreed to the request for consolidation suggested by plaintiff, but objected to the purported use of the deposition taken in the *International Construction Corp.* case.

In later motions, Pueblo put at plaintiff's disposal any officer or director of the company so that plaintiff might have the opportunity of deposing any executive of their choosing, after due notice to Pueblo's counsel in these cases.

We have carefully considered plaintiff's request that she be allowed to use in the present case the deposition taken by attorney Maldonado in the *International Construction Corp.* case and have analyzed her arguments as expressed in her motion filed on July 13, 1972 and brief filed on August 7, 1972.

█ It is the opinion of this Court that the law is very clear to the effect that in order for a deposition to be admissible in another action, not only must the parties be the same, but the issues must be substantially the same. Metropolitan St. R. Co. v. Gumby (2 Cir., 1900), 99 F. 192; Smythe v. Inhabitants of New Providence Township (3 Cir., 1920), 263 F. 481; Franzen v. E. I. Dupont De Nemours & Co., Inc. (3 Cir., 1944), 146 F.2d 837; United States v. Aluminum Co. of America et al. (D.C. N.Y., 1938), 1 F.R.D. 48; S. W. Anderson Co. v. Glenn (D.C.Ky.1942), 43 F. Supp. 334; Wolf v. United Air Lines, Inc. (D.C.Pa.1951), 12 F.R.D. 1.

The rule is based on an elementary principle of justice towards the party

against whom the former deposition is tried to be used.

It is evident that the aim of the interrogatory taken in a deposition is always guided by the nature of the case in which the deposition is taken. Different parties and different issues are crucial circumstances that inevitably must alter the substance of the deposition taken.

It is true that some courts have allowed a party to use a deposition taken in a different case; see for example Baldwin-Montrose Chemical Co. v. Rothberg (D.C.N.Y., 1964), 37 F.R.D. 354. But the instances where this is allowed invariably involve actions between the very same parties and involving substantial identity of issue. Here we have neither of the two requisites.

It should be stressed that plaintiff's right to conduct discovery through depositions in regard to the issue at bar is not prejudiced in any way whatsoever. She preserves and keeps the right to depose any officer or director of defendant she deems convenient after due notice is given to opposing counsel pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

In view of the foregoing, plaintiff's motion to consolidate this case with that of Estrella Lazús v. Pueblo International, Inc., Civil No. 113–72, for the sole purpose of arguing the jurisdictional question pending before this Court, is granted; and

Plaintiff's request that she be allowed to refer in her brief to a deposition taken in the case of International Construction Corp. v. Pueblo International, Inc., Civil No. 588–71, is denied; and

The Court hereby grants the plaintiff a period of thirty (30) days to take the appropriate depositions in the manner authorized by the Federal Rules of Civil Procedure; and

The Court further grants the plaintiff fifteen (15) days, after the deposition or depositions are taken, to file the necessary brief in opposition to defendant's motion to dismiss; which brief may refer to the depositions taken in the manner above authorized; and

It is further ORDERED, that the defendant is to file a reply brief fifteen (15) days after plaintiff's brief is filed; which brief may also refer to the deposition or depositions to be taken pursuant to this Order.

The Court, after both parties have complied with this Order, shall set forth the matter for oral argument, if necessary.

It is so ordered.