Hans HUB, Plaintiff-Appellant,

v.

SUN VALLEY CO., et al., Defendants-Appellees.

No. 81–3024.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1982.

Decided July 27, 1982.

E. Lee Schlender, Ketchum, Idaho, for plaintiff-appellant.

Louis H. Cosho, Boise, Idaho, argued, for defendants-appellees; Carl P. Burke, Boise, Idaho, on the brief.

Before CHOY, TANG and BOOCHEVER, Circuit Judges.

CHOY, Circuit Judge:

Hans Hub appeals from the judgment against his claims that his former employer, Sun Valley Co., discriminated against him on account of his national origin. The record as it stands contains ample evidence to support the district court's holding. Hub contends, however, that the court violated Fed.R.Civ.P. 32(a) by refusing to admit a deposition filed in a prior state action between Hub and Sun Valley's predecessor-in-interest. The deposition allegedly contains testimony that Sun Valley decided not to rehire Hub because he filed a complaint with the Equal Employment Opportunity Commission (EEOC). The deposition constitutes Hub's best evidence of retaliation in violation of 42 U.S.C. § 2000e–3(a), and we cannot say that its exclusion, if improper, was harmless error.

We thus must determine whether the district court applied Rule 32(a) correctly. The Rule states in relevant part:

> [W]hen an action has been brought in any court of the United States or of any State and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor.

Because Hub has not shown that the two lawsuits involved sufficiently similar issues, we affirm.

## I

The decision whether to admit a deposition from a prior lawsuit is vested in the district court's sound discretion. *First National Bank in Greenwich v. National Airlines*, 22 F.R.D. 46, 49 (S.D.N.Y.1958). *See Reeg v. Shaughnessy*, 570 F.2d 309, 317 (10th Cir. 1978) (concerning depositions in general); *United States v. Bowen*, 411 F.2d 923, 927 (5th Cir. 1969) (same). Depositions can save the time, effort and money of

litigants, and help expedite trials. *See Baldwin-Montrose Chemical Co. v. Rothberg,* 37 F.R.D. 354, 356 (S.D.N.Y.1964); *First National Bank in Greenwich v. National Airlines,* 22 F.R.D. at 49. Because the underlying objective is efficiency at trial without jeopardizing accurate fact finding, the district court is usually in the best position to decide whether a prior deposition should be admitted. If the district court applies the correct legal standards, we will not normally substitute our judgment on the admissibility of a prior deposition.

## II

Rule 32(a) requires that the prior and present lawsuits involve the "same subject matter" and "the same parties or their representatives or successors in interest." These requirements have been construed liberally in light of the twin goals of fairness and efficiency. The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues, *George R. Whitten, Jr., Inc. v. State University Construction Fund,* 359 F.Supp. 1037, 1039 (D.Mass.1973), *aff'd,* 493 F.2d 177 (1st Cir. 1974); *Fullerform Continuous Pipe Corp. v. American Pipe and Construction Co.,* 44 F.R.D. 453, 455–56 (D.Ariz.1968); *Hertz v. Graham,* 23 F.R.D. 17, 22 (S.D.N.Y.1958), *vacated in part on other grounds,* 292 F.2d 443 (2d Cir.), *cert. denied,* 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192 (1961), and the presence of an adversary with the same motive to cross-examine the deponent, *Ikerd v. Lapworth,* 435 F.2d 197, 205 (7th Cir. 1970); *George R. Whitten, Jr., Inc. v. State University Construction Fund,* 359 F.Supp. at 1039; *Copeland v. Petroleum Transit Co.,* 32 F.R.D. 445, 447 (E.D.S.C.1963); *First National Bank in Greenwich v. National Airlines,* 22 F.R.D. 46, 51 (S.D.N.Y.1958); *Hertz v. Graham,* 23 F.R.D. at 20.

■ We too believe that the two lawsuits need not involve identical issues and parties, though we reserve for another day deciding whether the presence of an adversary with the same motive to cross-examine is sufficient.* In this case, the party opposing admission is the successor-in-interest to the party who cross-examined the deponent. Rule 32(a) explicitly allows a prior deposition to be used against a successor-in-interest.

■ The shortcoming here is that Hub failed to show that the deposition relates to issues common to both lawsuits. Hub offered the deposition below to show that Sun Valley decided not to rehire him in retaliation for his filing a complaint with the EEOC. The prior lawsuit, however, was brought in state court by Sun Valley's predecessor against Hub, and concerned events that occurred subsequent to the decision not to rehire him. Hub has not shown that retaliation for his filing the EEOC complaint was at issue there, or that Sun Valley's predecessor had any reason to cross-examine the deponent about the alleged retaliation. If Hub had taken the deposition for the present lawsuit, of course Sun Valley would have carefully questioned the deponent about any comment suggesting retaliation. It would be unfair to bind Sun Valley by the prior cross-examination which did not cover the issue of retaliation. Therefore, we agree with the district court that Hub has not shown that the deposition relates to issues which are sufficiently similar in the two lawsuits to satisfy Rule 32(a).

AFFIRMED.

* Wigmore defends the adequacy of an adversary with the same motive to cross-examine on the ground that "where the interest of the person was calculated to induce equally as thorough a testing by cross-examination, then the present opponent has had adequate protection for the same end." 5 Wigmore on Evidence § 1388 (4th ed. 1940). A number of the cases cited in the prior paragraph above adopt Wigmore's test. We, however, find it troubling. Not only does the test disregard the "same parties" requirement in Rule 32(a), but it also fails to take into account the possibility that the prior opponent mishandled the cross-examination. When that has happened, we question whether the deposition should be admitted against a party who did not participate in the cross-examination. Our purpose here is not to resolve this issue. Instead, we want to make clear only that our citing cases that adopt Wigmore's test does not mean that we adopt it.