**In re PARAMOUNT PAYPHONES, INC., etc., Debtor.**

**Susan K. Woodard, Trustee, Plaintiff,**

**v.**

**Daniel J. Branch et al., Defendants.**

**Bankruptcy No. 98-15744-8C7.
Adversary No. 99-557.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 14, 2000.

Andrea T. Smith, Lakeland, FL, for plaintiff.

Susan K. Woodard, St. Petersburg, FL, trustee.

Alan C. Watkins, Tampa, FL, for trustee.

Scott Stichter, Tampa, FL, for Daniel J. Branch, David C. Branch, Island Communications, Inc., Living Life, Inc., Offshore Racing Madness, Inc., Pride Payphones, Inc.

John F. Lauro, Tampa, FL, for Daniel J. Branch, David C. Branch, Island Communications, Inc., Living Life, Inc., Offshore Racing Madness, Inc., Pride Payphones, Inc.

Christopher M. Kise, Tampa, FL, for Pride America, Inc.

## ORDER ON PLAINTIFF'S MOTION IN LIMINE AS TO USE OF DEPOSITIONS

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This adversary proceeding came on for consideration of the plaintiff's motion in limine (Document No. 73) and the opposing papers filed by the defendants (Documents Nos. 78 and 79). The motion is before the court on the briefs (Documents Nos. 83, 86, 87, 89, 90, and 91) pursuant to the terms of the court's preliminary order on plaintiff's motion in limine entered on October 12, 2000 (Document No. 84).

### I.

In her motion, the plaintiff seeks the court's determination as to the limited question of whether the depositions of 16 witnesses taken in a prior action may be considered as taken in this proceeding for purposes of allowing their use in this adversary proceeding pursuant to F.R.Civ.P. 32(a)(4).[1] Rule 32, of course, is applicable in this adversary proceeding by virtue of F.R.B.P. 7032.

In this adversary proceeding, the debtor's Chapter 7 trustee as plaintiff seeks to recover alleged preferences and fraudulent conveyances from various insiders, parties related to insiders, and others. The prior action, *Albright v. American Diversified Financial Services, Inc.*, Case No. 98–1300–Civ–T–26B (*"Albright"*), was a case in the district court brought before the

---

1. Although the plaintiff includes references to the depositions of Alan Longwell, Jay Curry, John Elliot, and Jose Eduardo Del Rio in her briefs filed in support of her motion, the plaintiff specifically excluded these witnesses from her motion because they reside within the Middle District of Florida and are not unavailable for trial. Accordingly, the court has not considered any of the plaintiff's or defendants' arguments as to these witnesses.

filing of the bankruptcy case in which a number of investors as plaintiff sought damages for fraud in the marketing and sale of partnership units of the debtor and fraud in its operations. If the depositions taken in that action meet the requirements contained in the last paragraph of F.R.Civ.P. 32(a)(4), the depositions will be considered to be taken in this adversary proceeding so that their use at trial can be determined in relation to the other provisions of Rule 32.

■ "[W]hether to admit a deposition from a prior lawsuit is vested in the ... court's sound discretion." *Hub v. Sun Valley Co.*, 682 F.2d 776, 777 (9th Cir.1982). The requirements of Rule 32(a)(4) have "been construed liberally in light of the twin goals of fairness and efficiency." *Id.* at 778.

The parties stipulated that the depositions were "lawfully taken" in the prior action so the plaintiff bears the burden of establishing only the following elements of the last paragraph of F.R.Civ.P. 32(a)(4):

1. The prior action in which the depositions were taken involves the "same parties or their representatives or successors in interest" as the parties in this proceeding.

2. The prior action in which the depositions were taken involves "the same subject matter" as is involved in this proceeding.

3. The depositions were "duly filed in the former action."

## II.

With respect to the first element, identity of parties, the plaintiff asserts that the plaintiffs in *Albright* were, at the time that case was filed, creditors of the debtor. Each of those plaintiffs has filed a proof of claim in this bankruptcy case, and the trustee represents their interests in this adversary proceeding.

The plaintiff similarly argues that the defendants in both actions are identical

with the exception of one, Pinnacle Payphones, Inc., which was not a defendant in the *Albright* case. The plaintiff argues that the addition of Pinnacle Payphones as a defendant in this proceeding does not destroy the identity of parties between the two actions because Pinnacle Payphones is an alter ego of the debtor, David Branch, and Daniel Branch, who are parties to both actions. Furthermore, the plaintiff notes that the clerk has entered a default against Pinnacle Payphones in this proceeding.

In their papers, the defendants do not resist these assertions by the plaintiff. The court, therefore, deems this element conceded by the defendants.

## III.

■ The second element is that the prior action in which the depositions were taken involves "the same subject matter" as is involved in this proceeding. "The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit." *Hub*, at 778. "Consequently, courts have required only a substantial identity of issues." *Id.*

For example, in *Leger v. Texas EMS Corp.*, 18 F.Supp.2d 690, 694 (S.D.Tex. 1998), the court held that a deposition used in a prior proceeding was admissible for summary judgment purposes where the two actions involved "negligence and ... damages for the injuries that Plaintiff allegedly sustained." Although the plaintiff sought relief in each case based upon a different theory of law, the court was unconcerned about these differences because both cases involved damages for job-related injuries arising out of a single occurrence. *Id.*

Likewise, in *Eliasen v. Fitzgerald*, 105 Idaho 234, 668 P.2d 110, 116 (1983), the court held that a deposition taken in connection with a divorce action was admissible in a subsequent probate proceeding because both actions concerned "the characterization and ultimate distribution of the [deponent's] property."

The plaintiff argues that this element is satisfied here because both actions involve substantially identical issues. In support of her argument, the plaintiff provides a comparison of factual assertions and legal theories between the *Albright* amended complaint and the amended complaint in this proceeding. The plaintiff also points out that, in the defendants' motion to withdraw the reference filed in the main bankruptcy case, the defendants themselves took the position that the two actions involve the same issues.

The defendants, on the other hand, focus on the differences between the *Albright* amended complaint and the amended complaint in this proceeding as support for their argument that there is an inadequate nexus between the two actions. They argue that the subject matter of the *Albright* case, at the point in time that the parties deposed most of the witnesses, was very different from the subject matter of this proceeding. They point out that, when the depositions were taken, the *Albright* case was principally a case dealing with fraud in the marketing and sale of investment units, unlike this proceeding in which the plaintiff is seeking to avoid preferential and fraudulent transfers made after the companies were formed. The defendants further argue that the position they took in the motion to withdraw the reference is not inconsistent with their position here because the motion to withdraw the reference was based upon a comparison of the two actions at different points in time.

The court's task in determining this element is made more difficult by the plaintiff's failure to specify, other than in a cursory fashion, what portion, to what extent, and for what purpose she seeks to use against the defendants in this proceeding the depositions at issue. Typically, of course, parties are very specific when they ask a court to allow the use of depositions taken in prior actions. Courts, therefore, usually can make discreet rulings in specific contexts. A review of the procedural history of these two cases, however, does illuminate the parties' opposing positions.

A group of disgruntled investors filed *Albright* on June 23, 1998, seeking damages from the defendants for losses that they had incurred as a consequence of their investment in Paramount Payphones. The plaintiffs amended their complaint on September 1, 1998. The amended complaint included counts of unregistered sale of securities, securities fraud, breach of fiduciary duty, racketeering, civil theft, and, finally, two counts of fraudulent transfers. Other than the fraudulent transfer counts, the amended complaint focused on the pre-purchase conduct of the defendants in their marketing and sale of partnership units. The fraudulent transfer counts included general allegations of fraudulent transfers of real property, pay phones, and monies between Paramount Payphones and some of the defendants in the aggregate amount of approximately $6 million.

The parties began deposing witnesses in October 1998 and by March 29, 1999, had deposed 18 witnesses. On March 29, 1999, the plaintiff filed a motion to amend the amended complaint in the *Albright* case. The proposed second amended complaint dropped the counts that dealt with the sale and marketing of investment units and greatly expanded the fraudulent transfer counts, dramatically changing the focus of the *Albright* case. The defendants opposed the plaintiff's motion to amend the amended complaint.

After the filing of the plaintiff's motion to amend the amended complaint, the parties deposed five witnesses, one of whom had previously been deposed. The plaintiff seeks to use in this proceeding depositions from only two of these witnesses.

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 10, 1998. The plaintiff then filed this adversary proceeding on September 23, 1999. The plaintiff amended the complaint on November 13, 1999 (Document No. 17). The amended complaint

sought more than $24 million in damages on theories of state and federal law that the debtor made preferential and fraudulent transfers to the defendants. The plaintiff sought to avoid 276 transfers of real property, pay phones, and monies.

The defendants filed a motion to withdraw the reference of this adversary proceeding (Document No. 13) on October 22, 1999. In it, the defendants asserted that the *Albright* case and this proceeding involved the same parties and substantially identical issues. The defendants based those allegations on the *Albright* proposed second amended complaint that was then before the district court in connection with the plaintiffs' motion for leave to amend. Shortly thereafter, the plaintiff voluntarily dismissed from the *Albright* case the defendants in this proceeding. The district court denied the plaintiff's motion to amend the amended complaint as part of its dismissal of those defendants.

■ The facts and circumstances involved in the *Albright* case and this proceeding clearly overlap, as the plaintiff asserts. Nevertheless, common facts do not necessarily establish that the two actions involve the same subject matter because the factual predicate that must be proven by the plaintiff to satisfy her burden of proof on each legal theory varies.

■ The critical factor is whether the two lawsuits involve "substantially identical issues" and whether each deposition "relates to issues common to both lawsuits" so that the adverse party in the first action has the same motivation to cross-examine the deponent as the adverse party would have in the later action. *Hub*, at 778. Looking at the chronology of events as they occurred in these two actions, it is clear that the issues were not substantially identical between the two actions at the time most of the witnesses were deposed. Indeed, it is apparent that the plaintiff filed her motion to amend the amended complaint in *Albright* based, at least in part, upon testimony elicited from the wit-

nesses who were deposed prior to March 29, 1999. In these circumstances, it cannot fairly be said that "the prior cross-examination [in the *Albright* case] would satisfy a reasonable party who opposes admission in the present lawsuit." *Id.*

The defendants' statement that both actions involve "substantially identical issues," made in the motion to withdraw the reference, does not alter this conclusion. The defendants made that statement at a time when the motion to amend the second amended complaint was still pending. The defendants, therefore, based their assertions on the claims asserted in the proposed second amended complaint (that had not been permitted) rather than on the claims asserted in the amended complaint (the then operative complaint). The defendants' assertions made in the motion to withdraw the reference are therefore irrelevant to the issue of whether the amended complaint in *Albright* and this proceeding involve substantially identical issues.

At bottom, this court's determination of the pending motion must turn on whether the use of the depositions taken in the prior case would further the goals of fairness and efficiency. In these circumstances, where most of the depositions in the *Albright* case were taken at a time when the primary focus was on fraud in the marketing and sale of partnership units, it would be unfair to permit those depositions to be used in this proceeding, where the primary focus is on preferential and fraudulent transfers of property and monies. The plaintiff's stated willingness to allow the defendants to further depose the witnesses and to file supplemental depositions cannot ameliorate this unfairness to defendants that would result in allowing the depositions to be used in this proceeding.

IV.

■ The third element the plaintiff must demonstrate is that the depositions were "duly filed" in the prior proceeding. The plaintiff argues that this element is

satisfied if the deposition is delivered to counsel pursuant to F.R.Civ.P. 30(f) because the district court's Local Rule 3.03(d) prohibits the filing of depositions with the court unless specifically directed.

In *Milton v. United States*, 105 F.2d 253, 255 (5th Cir.1939), the court explained the origins and meaning of "filing" in the context of a court proceeding:

> The word "filed" ... is, as applied to court proceedings, a word of art, having a long established and well understood meaning, deriving from the practice of filing papers on a string or wire. It requires of one filing a suit, merely the depositing of the instrument with the *custodian* for the purpose of being filed.

(Emphasis supplied).

"In courts which direct that depositions not be automatically filed, the reporter can transmit the transcript or recording to the attorney taking the deposition (or ordering the transcript or record), who then becomes custodian for the court of the original record of the deposition." Advisory Committee Notes to 1987 Amendments to Rule 30(f). Thus, the plaintiff argues that, because the attorney is the custodian of depositions until they are filed with the court, the "duly filed" requirement of Rule 32(a)(4) is satisfied once the attorney is in possession of the deposition.

The defendants take a much more narrow view of the "duly filed" requirement of Rule 32(a)(4), arguing that a deposition is "duly filed" only if it is filed with the court. They point out that, pursuant to F.R.Civ.P. 5(e), filing of papers in court is accomplished by filing them with the clerk of court. Because none of the depositions at issue here were filed with the court in the *Albright* case,[2] the defendants argue

that the plaintiff has failed to satisfy this element.

Although each side supports its position with credible authority, it appears to the court that the plaintiff has advanced the better-reasoned position. An adoption of the narrow construction urged by the defendants would unfairly and unnecessarily circumscribe a party's ability to utilize depositions taken in a prior civil action in this district because the district court's local rules prohibit the filing of depositions.[3] To insist that the depositions must be filed with the court where such filing is prohibited would be inconsistent with the liberal construction that is to be used in determining Rule 32(a)(4) issues. *Hub*, at 778.

Accordingly, the court concludes that the depositions at issue here have been "duly filed" within the meaning of Rule 32(a)(4) where local rule prohibits the filing of the deposition with the court and where they have been delivered to the attorney taking the deposition or ordering the transcript.

## V.

In summary, the court concludes that the plaintiff has established that the two actions involve the "same parties" and that the depositions sought to be used were "duly filed" in the *Albright* case as required by the last paragraph of F.R.Civ.P. 32(a)(4). The plaintiff has failed to establish, however, that the two actions involve substantially identical issues to a degree sufficient to satisfy the "same subject matter" requirement of Rule 32(a)(4). Accordingly, the court determines that the depo-

---

**2.** It is true that portions of a few of the depositions in issue appear in the *Albright* court file as exhibits or attachments to a motion for sanctions, that attachment of excerpts to the motion does not, of course, constitute filing within the meaning of Rule 30(f) and Rule 32(a)(4).

**3.** The court notes that the December 1, 2000, amendments to Rule 5(d) prohibit the filing of deposition transcripts "until they are used in the proceeding or the court orders filing." After December 1, 2000, therefore, the filing of depositions is no longer an issue of local practice.

sitions in issue are not considered to be taken in this adversary proceeding for purposes of determining their use at trial in relation to other provisions of Rule 32.

The motion in limine is determined accordingly.