**Colleen CLAY, Plaintiff,**

v.

**Joseph J. BUZAS, et al., Defendants.**

**No. 00–CV–304 ST.**

United States District Court,
D. Utah,
Central Division.

July 12, 2002.

Mary Anne Q. Wood, Larry S. Jenkins, Wood Crapo LLC, Salt Lake City, UT, for Plaintiff.

George T. Naegle, Robert L. Stevens, Mark L. McCarty, Martha Knudson, Rich-

ards Brandt Miller & Nelson, Salt Lake City, UT, for Defendants.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

Plaintiff, Colleen Clay (Martin), the plaintiff in this action, seeks an order from this court to allow plaintiff to introduce into evidence the depositions of Margaret Madson, Emily Humphrey, Heather Alwine, Colleen Martin, (who is plaintiff Colleen Clay), Kent Haslam, Brent Hullinger, Dennis Wanser, Jackie Riley and Hilary Drammis, which were taken in the case of *Heather L. Alwine v. Joseph J. Buzas, et al.,* in this court, in case # 2:99–CV–245 C. That case went to trial and a verdict of no claim for relief was returned by the jury. The defendants in that case are defendants in this case.

Plaintiff has, in this case, made a claim of sexual harassment against the defendants, Joseph J. Buzas and Buzas Baseball, Inc. In this case plaintiff has alleged a pattern and practice of predatory conduct. She also testified in the *Alwine* case. The plaintiff Clay contends the depositions of the above enumerated witnesses, who were or are employees of the Buzas (Buzas Baseball Co.), would show they endured or were aware of sexual harassment from Mr. Buzas to others. Counsel, in this case, for Mr. Buzas and the Buzz were present at the taking of the other depositions and were afforded the opportunity to examine the deponents.

The instant action is based on Title VII gender discrimination and supplemental state claims under 28 USC § 1367. The defendants oppose the use of the depositions contending they do not meet the requirements of Rule 32(a)(4) F.R.C.P. Both plaintiff and defendant have referenced to Rule 32(a)(4) F.R.C.P. as if it was the controlling rule on the use of depositions taken in the *Alwine* case in this case. The cited Rule has only limited application to the use of depositions given in former proceedings and is not the exclusive means of determining use or admissibility. Rule (32(a)(4)) requires that the

earlier action be between the "same parties or their successors in interest ..." The plaintiff in *Alwine* and plaintiff Clay, in this case, are different parties. This action is not between the same parties. However, this has not been controlling in the Tenth Circuit. See *Insul–Wool Insulation Corp. v. Home Insulation Inc.,* 176 F.2d 502, 504 (10th Cir. 1949) (depositions admissible when parties were different, where plaintiff had opportunity for examination on prior occasion and was party in the prior suit).

Also, Rule 34(b)(4) F.R.C.P. requires the two cases to involve the same "subject matter" which has been read as requiring only a substantial identity of issues. Charles Allen, Wright Arthur Miller, Richard L. Marcus, Federal Practice and Procedure, § 2180, (1994, p. 190); see also *Hub v. Sun Valley Co.,* 682 F.2d 776, 778 (9th Cir.1982). Thus, the rule has a limited application and now provides " A deposition previously taken may also be used as permitted by the Federal Rules of Evidence." Rule 804(b)(1) F.R.E. provides:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

The witness must be unavailable for a deposition to be used at trial except for limited purposes. Rules 32(a)(1) and 32(a)(3) F.R.C.P. allow a witness's deposition for impeachment or when the witness is unavailable. A deposition of a witness given in another action may also be used as nonhearsay under Rule 801(d)(1) F.R.E. Thus Rule 32(a)(4) F.R.C.P. may be obsolete in may cases,[1] in determining admissibility of a prior deposition at trial. See Wright, Miller, & Marcus, *supra* § 2150 pp. 191–193. In this case, Rule 32(a)(4) F.R.C.P. is not exclusive or fully useful and the admissibility of the

---

1. In Wright, Miller, Marcus, *supra,* only one case is referenced in 10 years with regard to Rule 34(a)(4) F.R.C.P. (2002 Sup. § 2150). Other cases have considered the Rule but not in great detail.

witness's prior depositions is best determined under Rule 804(b)(1) F.R.E. In addition, since this motion was filed, the Alwine case has been tried and the testimony of Ms. Alwine given in that case, would be available under Rule 804(b)(1) F.R.E. if she were unavailable in this case. This may be true as to other deponents as well and the trial testimony may be better evidence than the deposition of the witness. However, that question is not before the Court at this time.

In *Angelo v. Armstrong World Industries,* 11 F.3d 957 (10th Cir.1993) the court held deposition testimony of plaintiff's witness was inadmissible. The court held Rule 32(a) F.R.C.P. creates an exception to the hearsay rule for depositions. The court addressed Rule 32(a) F.R.C.P. and Rule 804(b)(1) F.R.E. and said:

> Deposition testimony is normally inadmissible hearsay, but Fed.R.Civ.P. 32(a) creates an exception to the hearsay rules. See *Southern Indiana Broadcasting, Ltd. v. F.C.C.,* 935 F.2d 1340, 1342 (D.C.Cir. 1991); *Carey v. Bahama Cruise Lines,* 864 F.2d 201, 204 (1st Cir.1988). Depositions may also be independently admissible under the Federal Rules of Evidence. See Fed.R.Civ.P. 32(a)(4) ("A deposition previously taken may also be used as permitted by the Federal Rules of Evidence."); Fed. R.Evid. 804(b)(1) (excepting certain depositions from hearsay rule where the deponent is "unavailable as a witness"). The Angelos had the burden of proving that Dr. Gawey's deposition testimony was admissible under Fed.R.Civ.P. 32(a) or Fed. R.Evid. 804. See *Allgeier v. United States,* 909 F.2d 869, 876 (6th Cir.1990) (stating that proponent bears the burden of proving that Rule 32 permits admission of deposition testimony); *United States v. Eufracio–Torres,* 890 F.2d 266, 269 (10th Cir.1989) ("When seeking evidence of a witness who is unavailable for trial under Fed.R.Evid. 804, the proponent of the evidence bears the burden of demonstrating the unavailability of a declarant."), cert. denied, 494 U.S. 1008, 110 S.Ct. 1306, 108 L.Ed.2d 482 (1990). The Angelos argue

that Dr. Gawey's deposition testimony was admissible because he was unavailable to testify at trial. Rule 32 permits use of deposition testimony at trial if the proponent was "unable to procure the attendance of the witness by subpoena." Fed. R.Civ.P. 32(a)(3)(D). Rule 804 is broader, excluding depositions from the hearsay rule when the deponent "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or other reasonable means." Fed.R.Evid. 804(a)(5).[2]

It should be noted that the language of Rule 32(a)(4) F.R.C.P. is not limited to trial admissibility. The rule states "all depositions lawfully taken and duly filed in the former action may be *used* in the latter *as if originally taken therefore.*" (Emphasis added). The deposition may be used for a purpose other than at trial. See Rule 56, F.R.C.P. However, admissibility of a deposition must be either under Rule 32(a)(1)-(4) F.R.C.P. or the rules of evidence. Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* 2nd Ed. § 492(e) Vol. 4 (1994). It has been said the admissibility criteria of the two rules "overlap." Christopher B. Mueller and Laird C. Kirkpatrick *Evidence, Practice Under the Rules,* 2nd Ed. § 8.68 p. 1302 (1999). Therefore, in this case, the question as to the admissibility of the deposition, is whether the defendants have had adequate motive and opportunity in the Alwine case to develop the witness's testimony relevant to this case. *New England Life Ins. Co. v. Anderson,* 888 F.2d 646 (10th Cir.1989). Rule 804(b)(1) F.R.E. and Rule 32(a)(4) F.R.C.P. should be construed together to accomplish a similar aim, and to resolve the issue. Mueller and Kirkpatrick, *supra* Vol.4 p. 789 (1994).

The same counsel were involved, the same issue as to the deponent's evidence was present in Alwine as is present in this case. The deponent's testimony is as to other sexually harassing conduct of Joseph J. Buzas and the failure of Buzas Baseball Inc., who allegedly had notice of the misconduct, to correct the

---

**2.** The court also discussed and rejected admissibility under Rule 32(a)(3)(E) F.R.C.P. for "exceptional circumstances." That section has not been asserted by plaintiff in this case.

improper practice of Joseph J. Buzas. The witnesses were fairly examined on the subject matter for which their testimony may be relevant in this case. The opportunity was present. That is adequate to meet admissibility or use requirements. *Battle ex rel. Battle v. Memorial Hospital,* 228 F.3d 544, 551–553 (5th Cir.2000); *Budden v. United States,* 748 F.Supp. 1374 (D.Neb.1990); see also *Crossley v. Lieberman,* 868 F.2d 566 (3rd Cir.1989). Therefore, the former testimony exception under Rule 804(b)(1) F.R.E. is applicable as well as Rule 32(a)(4) F.R.C.P. if the witnesses are unavailable at trial. The depositions may also be used under other exceptions under the Federal Rules of Evidence where applicable.

The specific depositions have not been assessed as to their relevance. This issue was not adequately developed in the parties memoranda. Some of the deposition testimony may be admissible under Rule 415, F.R.E., depending on the circumstances claimed by Ms. Clay as to her harassment and the experiences of the deponents. *Doe ex rel. Rudy–Glanzer v. Glanzer,* 232 F.3d 1258 (9th Cir.2000). Some of the deposition testimony may be admissible on a pattern of harassment to show a course of conduct and the corporate defendants' knowledge or indifference. However, these matters must await resolution by the trial judge as to the circumstances of the case. Some portions of the depositions properly objected to may be excludable. *Scotti v. National Airlines Inc.,* 15 F.R.D. 502, 503 (S.D.N.Y.1954).

Therefore, plaintiff may use the depositions of the named persons who gave deposition testimony in the Alwine case. If use at trial is contemplated, the standards of Rule 804(b)(1) F.R.E. must be met and plaintiff must establish the unavailability of the deponents at trial.

**IT IS SO ORDERED.**