25-313-cv
*Bunnenberg v. Liberty Mutual Fire Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-six.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
EUNICE C. LEE,
*Circuit Judges.*

————————————————————————

TARA BUNNENBERG,

*Plaintiff-Appellant,*

v.                                                        25-313-cv

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
*Defendant-Appellee.*

————————————————————————

For Plaintiff-Appellant:          Aaron M. Goldsmith, Law Office of Aaron M. Goldsmith, PC, New York, NY.

For Defendant-Appellee:        Marshall T. Potashner, Jaffe & Asher LLP, White Plains, NY.

Appeal from the United States District Court for the Northern District of New York (Mae A. D'Agostino, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 21, 2025, judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Tara Bunnenberg appeals from a judgment in favor of defendant-appellee Liberty Mutual Fire Insurance Company ("Liberty"), the insurer of non-party Lauren McCormack. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.  BACKGROUND

In October 2011, McCormack injured Bunnenberg during an altercation, fracturing the orbit of Bunnenberg's left eye. McCormack was subsequently charged in a criminal complaint with assault, menacing, and harassment. In connection with that complaint, Bunnenberg attested under oath that McCormack "intentionally cause[d] physical injury" to Bunnenberg by "approach[ing] her and str[i]k[ing] her numerous times about her face with closed fists." App'x 124. In 2013, McCormack pleaded guilty to one count of

2

reckless assault under New York Penal Law § 120.00(2), a misdemeanor punishable by up to one year, and one count of harassment under New York Penal Law § 240.26, a violation punishable by up to 15 days in jail. At the plea hearing, McCormack admitted to throwing Bunnenberg to the floor and injuring her, including in the left eye orbit. After the allocution, McCormack apologized to Bunnenberg and said, "Tara, I'm sorry for everything that happened . . . . I never meant to hurt you." App'x 139.

In the meantime, Bunnenberg sued McCormack in New York state court. Liberty, McCormack's insurer, retained an independent lawyer to defend McCormack. McCormack answered that she acted in self-defense and testified at her deposition that Bunnenberg hit her first. Bunnenberg, however, testified at her deposition that she did not provoke McCormack and that McCormack repeatedly punched her in the face.

The parties negotiated a settlement that stipulated to the entry of a $350,000 judgment against McCormack, on the condition that Bunnenberg would enforce it only against Liberty, not McCormack. In June 2022, the court entered that judgment, which also states that Liberty did not concede coverage and would contest its duty to indemnify McCormack.

In October 2022, Bunnenberg sued in New York state court to enforce the judgment against Liberty. Liberty removed the case to federal court. Liberty asserted as an affirmative defense that its insurance policy excluded from coverage damages for bodily injury intended by its insured.

In this litigation, Bunnenberg's account of the altercation shifted. When Liberty deposed Bunnenberg, she continued to assert that she did not provoke McCormack, but now said that she could not testify to how McCormack injured her because she had closed her eyes and did not see McCormack's hand. During the bench trial, Bunnenberg testified that she "felt a lunge, something that felt like a punch," and that she "kind of provoked [McCormack] in a way" as the two "were screaming at each other . . . and get[ting] into each other's faces." App'x 444. Neither party called McCormack to the stand.

The district court discredited Bunnenberg's trial testimony. It also excluded several of Bunnenberg's exhibits containing McCormack's prior statements in which she described her conduct as reckless, unintentional, or defensive. Because "there is no admissible evidence . . . on which [the court] could possibly find that McCormack's conduct was an accident or unintentional," the district court found that McCormack intended the harm. App'x 594–95. Accordingly, it held that Liberty's policy did not cover Bunnenberg's claim and

4

directed the entry of judgment in favor of Liberty. Bunnenberg timely appeals from that judgment.

Bunnenberg primarily challenges on appeal the district court's exclusion of three pieces of evidence: McCormack's plea allocution; her deposition testimony in the underlying action; and Liberty's claims notes. Bunnenberg also takes issue with the district court's omission of a missing witness charge. As discussed below, none of the challenges has merit.

## II.     BUNNENBERG'S EVIDENTIARY CHALLENGES

After a bench trial, "[w]e review a district court's rulings on the admissibility of trial evidence for abuse of discretion." *Browe v. CTC Corp.*, 15 F.4th 175, 207 (2d Cir. 2021), quoting *United States v. Fazio*, 770 F.3d 160, 165 (2d Cir. 2014). The district court did not abuse its discretion in excluding the challenged evidence, all of which is hearsay that does not fall within any valid exception.

### A.      McCormack's Plea Allocution

The district court did not abuse its discretion in excluding McCormack's statements at her plea hearing. Those statements are out-of-court statements offered to prove the truth of the matter asserted and therefore hearsay. Fed. R. Evid. 801(c). They are thus inadmissible unless they fall within a hearsay

exception. Fed. R. Evid. 802. None of the exceptions Bunnenberg proffered applies.

First, Rule 803(22) is inapplicable because it permits the admission of "[e]vidence of a final judgment of conviction" only "for a crime punishable by death or by imprisonment for more than a year[.]" Fed. R. Evid. 803(22). Neither offense to which McCormack pleaded guilty – reckless assault or harassment – was punishable by imprisonment for more than a year. Bunnenberg's attempt to stack the two offenses' maximum sentences flouts the Advisory Committee's stated intent to restrict the exception to "only convictions of felony grade." Fed. R. Evid. 803 advisory committee's note to 1972 proposed rules. In any event, Bunnenberg seeks to offer McCormack's statements made at her change-of-plea hearing, not "[e]vidence of a final judgment of conviction," as permitted by Rule 803(22).

Second, Rule 804(b)(3) does not apply because McCormack is not "unavailable" under Rule 804(a). A statement against interest under Rule 804(b)(3) may be admissible "if the declarant is unavailable as a witness," Fed. R. Evid. 804(b), including if "the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance or

6

testimony," Fed. R. Evid. 804(a)(5)(B). As the district court noted, Bunnenberg tried to secure McCormack's attendance only by issuing a subpoena a few weeks before trial, and provided no information as to whether Bunnenberg ever served or otherwise contacted McCormack. That falls short of the efforts required to establish unavailability. While McCormack resided more than 100 miles from the courthouse and was not subject to the court's subpoena power, *see* Fed. R. Civ. P. 45(c)(1)(A), that fact alone does not absolve Bunnenberg from her duty to explore "other reasonable means" to secure McCormack's testimony, Fed. R. Evid. 804(a)(5), including "a voluntary request[] to obtain [her] attendance." *United States v. Losada*, 674 F.2d 167, 172 (2d Cir. 1982); *see also Askew v. Lindsay*, No. 21-799-pr, 2022 WL 17748623, at *2 (2d Cir. Aug. 1, 2022) (affirming a district court's exclusion of hearsay where the proponent only sent two unanswered messages to Facebook accounts bearing the declarant's name and called several telephone numbers possibly associated with the declarant). Moreover, Bunnenberg sought to use McCormack's statements not for their self-inculpatory force, but rather to prove that McCormack had *not* admitted to intentionally harming Bunnenberg. That aspect of McCormack's allocution was intended to minimize her culpability and, to that extent, was self-serving rather than against her penal interests. *See*

*Williamson v. United States*, 512 U.S. 594, 600–01 (1994) ("Rule 804(b)(3) . . . does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory."); *United States v. Jackson*, 335 F.3d 170, 179 (2d Cir. 2023) ("[E]ach particular hearsay statement offered under Rule 804(b)(3) must be separately parsed and must, itself, be self-inculpatory.").

Third, the district court did not abuse its discretion in refusing to apply the residual exception in Rule 807 to McCormack's plea allocution. Rule 807 excepts from hearsay a statement "supported by sufficient guarantees of trustworthiness" that is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," provided that the opposing party receives "reasonable notice." Fed. R. Evid. 807(a)–(b). The district court correctly noted that Bunnenberg made no "reasonable efforts" to secure such testimony in admissible form, including deposing or subpoenaing McCormack earlier. Special App'x 20–21. Nor did Bunnenberg inform opposing counsel of her plan to introduce those statements until the morning of trial. Moreover, the district court reasonably found that McCormack's statement in her apology that she "never meant to hurt

8

[Bunnenberg]" was self-serving and not sufficiently trustworthy. App'x 139. The apology was a plea condition that, if satisfied, would bring McCormack one step closer to expunging her misdemeanor conviction.

### B. McCormack's Deposition Testimony

Nor did the district court abuse its discretion in excluding McCormack's deposition testimony from the prior lawsuit brought against her by Bunnenberg. That testimony, too, is presumptively inadmissible hearsay.

As exceptions, Bunnenberg points to Rule 804(b)(1) of the Federal Rules of Evidence and Rule 32(a)(8) of the Federal Rules of Civil Procedure, but neither applies. First, Bunnenberg cannot invoke Rule 804(b)(1) for the same reason that her Rule 804(b)(3) argument fails, as discussed above. Both exceptions require a showing that McCormack was unavailable as defined in Rule 804(a), for which Bunnenberg's meager efforts to secure McCormack's attendance do not suffice.

Second, while Rule 32 of the Federal Rules of Civil Procedure provides an alternative means to introduce deposition testimony, it offers no help to Bunnenberg. As relevant here, Rule 32(a)(8) permits "[a] deposition lawfully taken" to "be used in a later action involving the same subject matter *between the same parties, or their representatives or successors in interest,* to the same extent as if

9

taken in the later action." McCormack's deposition was taken in an action between Bunnenberg and McCormack; the present case pits Bunnenberg against Liberty. The parties are not the same, so Bunnenberg could use McCormack's deposition in this action against Liberty only if Liberty was McCormack's "successor[] in interest." Fed. R. Civ. P. 32(a)(8).

The district court correctly held that Liberty was not. The touchstone of Rule 32(a)(8) is whether "the party-opponent in [the earlier] case had the same interest and motive in [her] cross-examination that the present opponent now has." Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2150 (3d ed. 2025); *see also Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982) (noting that, under Rule 32(a)(8), "courts have required . . . the presence of an adversary with the same motive to cross-examine the deponent"). McCormack's interest in the underlying suit was to avoid liability to Bunnenberg. She sought to minimize her culpability and portrayed her action as self defense, her intent as merely defensive, and the injuries to Bunnenberg as unintended. Liberty was not a party to the underlying suit; nor were its interests represented at the deposition. Although Liberty paid for McCormack's defense under its contractual duty, the lawyer's professional obligation ran solely to McCormack, not Liberty. The divergence between

10

McCormack's and Liberty's interests is evidenced by the settlement of the underlying action: McCormack agreed to a substantial settlement on the condition that she would pay nothing and that Bunnenberg would seek recovery only from Liberty, which, it was understood, would contest the duty to pay.

### C.     Liberty's Claims Notes

Finally, the district court acted well within its discretion to exclude Liberty's claims notes. That document is triply hearsay: it contains (1) a Liberty employee's account of (2) McCormack's attorney's statement that (3) McCormack's position was that she acted in self-defense. Regardless of whether the document is a business record – a proposition for which Bunnenberg laid no foundation – the statements reported within it fit no exceptions and are inadmissible.

Bunnenberg argues, for the first time on appeal, that the claims notes are offered not to prove the truth of the matter asserted but to establish notice, i.e., that Liberty knew McCormack had asserted self-defense. That argument is forfeited. *See Siemens Energy, Inc. v. Petroleos de Venezuela, S.A.*, 82 F.4th 144, 160 (2d Cir. 2023) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). In any event,

Bunnenberg fails to explain how Liberty's knowledge of an attorney's representation is relevant to the ultimate inquiry of whether McCormack acted intentionally. *See United States v. Ng Chong Hwa*, 161 F.4th 127, 143 (2d Cir. 2025) ("[W]hile declarative statements may occasionally be offered, not to prove their truth, but solely for the limited purpose of proving that they were made, they may be admitted only if the mere fact that they were made is relevant to some issue in the case.") (alterations incorporated, internal quotation marks and emphasis omitted).

## III. THE MISSING WITNESS ARGUMENT

Bunnenberg also briefly argues – with one paragraph in her opening brief and another in her reply brief – that the district court should have given itself a missing witness charge. The argument is puzzling. The district court did not give a missing witness charge because the court did not give any jury instructions at all – the trial was a bench trial. A missing witness charge is intended to instruct the jury as to what inferences it could draw from the fact that neither party called a witness who was equally available (or unavailable) to both sides. While a judge "may draw an adverse inference from a missing witness" if appropriate, *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 211 n.7 (2d Cir. 2019), she is not

required to do so – still less must she issue instructions to herself on the subject. Bunnenberg makes no argument that the district court erred in any inference it drew or declined to draw from McCormack's absence at trial.

*     *     *

We have considered Bunnenberg's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Liberty's motion to dismiss the appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

13